## Green McDowell *v.* The State.

Larceny.   *Indictment.   Evidence.   Variance.*

   If an indictment for larceny alleges ownership of the property in one person,
   and the proof shows ownership in such person jointly with another, there
   can be no conviction.

From the circuit court of Coahoma county.

Hon. George Winston, Judge.

The opinion sufficiently shows the point decided.

*Rucks Yerger*, for appellant.

Ownership of the property stolen must be proved as laid in the
indictment.   If laid in several, proof of ownership in one is insuf-
ficient.   2 Bish. Cr. Pro. § 723 ; *Murphy* v. *State*, 24 Miss. 594.

*T. M. Miller*, attorney-general, for the state. ·

The property was in the possession of Weathersby, and he owned
at least a half interest in it.   It was right to lay ownership in
him.   2 Russ. on Cr. 160.   Should appellant be again indicted,
he could plead *autre fois convict*.

Cooper, J., delivered the opinion of the court.

The judgment in this cause must be reversed because of the va-
riance between the averment in the indictment and the evidence in
relation to the ownership of the property stolen.   There is conflict
between the state's witnesses as to whether the cotton stolen be-
longed to Weathersby (in whom the property is laid in the indict-
ment) or to Weathersby and one Lowe, as joint owners.

The 3d and 4th instructions for the state informed the jury that
it might convict if the evidence showed that the defendant stole the
cotton and that Weathersby owned or had an undivided interest
therein.   This was error.   In larceny, ownership must be proved
as laid, and where two or more persons own the property stolen,
the allegation in the indictment must be according to the fact.
Wharton's American Cr. Law, § 1833 ; *Com.* v. *Trimmer*, 1 Mass.
476 ; *State* v. *McCoy*, 14 N. H. 364 ; 12 Am. & Eng. Ency. of
Law, 863, citing 35 Texas, 691 ;   74 N. C. 272 ; 3 S. C. 16 ; 4
McCord (S. C.), 16.                              *Judgment reversed.*