WILLIAM LAWSON *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 325.]

CRIMINAL LAW. *Appeal. Refusal of truism instruction.*

> The refusal of an instruction in a criminal case propounding a mere truism, as one to the effect that each juror should base his verdict on the law and the evidence, and not consent to a verdict merely because it is the verdict of another or of the majority of the jurors, will not work a reversal in a case of guilt so plain that a different result could not reasonably be expected on a new trial.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Lawson, the appellant, was indicted and tried for and convicted of burglary, and appealed to the supreme court.

The court below refused an instruction asked by the defendant in these words:

"The court instructs the jury that each juror should base his verdict on the law and the evidence of the case, and should not consent to a verdict merely because it is the verdict of some other juror, or even a majority of the jurors, but his verdict must be based upon the law and the evidence of the case."

The facts are clearly inferable from the opinion of the court.

*T. D. Marshall,* for appellant.

Surely the instruction is the law, and should have been given. It is abstract law, it is true, but nevertheless it is applicable to the case. The law as to reasonable doubt, presumption of innocence, and burden of proof is abstract law, but instructions stating these abstractions are always given. A refusal to give such instructions when requested constitutes error. Yet they are no more the law than is the rule requiring a juror to base his verdict on the law and the evidence, and not on the opinion or desires of other jurors. How can this law be communicated to the jury

except by such an instruction? How can counsel argue this law to the jury unless the court has given it? If it has been refused, and counsel should attempt to argue on that line, could not the district attorney, in his closing argument, retort that the court has refused such an instruction?

The court knows from common experience and knowledge the tendency of jurors to yield to verdicts, merely because a majority of the jurors want such a verdict and because the juror cannot stand the odium of keeping his fellow-jurors locked up. Has not the defendant a right to an instruction pointing out the illegality and unfairness of such a yielding to the wishes of other jurors? Besides, under our law, which requires the unanimous verdict of twelve men, had not the defendant the right to make an appeal founded on instruction, not only to the jury as a whole, but to the conscience and intellect of each individual juror? Such an instruction has been upheld, or the refusal to give it condemned, in the following cases: *State* v. *Witt,* 43 Kan., 488; *Grimes* v. *State,* 105 Ala., 86 (17 South. Rep., 184); *Carter* v. *State,* 103 Ala., 93 (s.c., 15 South. Rep., 893).

*R. V. Fletcher,* assistant attorney-general, for appellee.

As to the instruction refused to defendant, it was unnecessary and announced no pertinent legal principle applicable to the case. The refusal of the instruction certainly did not deny to defendant any rights which he could demand. It was the assertion of a mere truism, of no more applicability than a thousand others that could be thought of. The refusal of an instruction will not reverse a case unless it can be reasonably said that its refusal may have operated to do the defendant some possible harm.

TRULY, J., delivered the opinion of the court.

Conceding that all the assignments of error presented by appellant be sound and well taken, they are still insufficient to justify a reversal of this case. Here we have proof of the breaking and

burglary; the possession and recovery of the stolen property; the flight of the defendant; his subsequent arrest, plea of guilty at preliminary trial, and voluntary confession. Under this state of facts, no other result could reasonably be expected on any trial. The instruction refused the appellant presents a mere legal truism, the denial of which could not in such a plain case have affected the result.

*Affirmed.*