HILTON AMMONS *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 165.]

It is reversible error, on a trial for murder, where there is conflict in the evidence, to refuse a charge to the effect that it is the duty of each juror to decide the issues for himself, and if any juror have a reasonable doubt of the guilt of the accused, it is his duty to stand by his conviction, and not yield simply because every other juror may disagree with him.

FROM the circuit court of Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

Ammons, the appellant, was indicted and tried for and convicted of the murder of one Williams, and sentenced to be hanged; and from such conviction and sentence he appealed to the supreme court.

89 Miss —24

On the trial the evidence was sharply conflicting throughout. The testimony offered by the state was to the effect that appellant shot the deceased without provocation, and practically without warning, several witnesses testifying that they saw appellant shoot the deceased. Appellant denied that he was in any way connected with the killing, and offered testimony of several witnesses to the effect that one Whaley, who had died since the date of the shooting and before the trial, fired the fatal shot. The court having granted to the state instructions to the effect that although the guilt of accused must appear from the evidence beyond reasonable doubt, it was not obligatory for the jury to know absolutely that accused was guilty in order to convict, a belief to such end, beyond reasonable doubt, being sufficient to sustain a finding of guilty; appellant thereupon asked the following instruction number 5, viz.:

"The court instructs the jury that it is the duty of each and every member of the jury in this case to decide the issues presented for himself, and if, after a careful consideration of all of the evidence in the case and the instructions of the court on the law and free consultation with his fellows, there is any single juror who has a reasonable doubt of defendant's guilt, it is his duty under his oath to stand by his conviction and favorable to a finding of not guilty. He should never yield his convictions simply because every other single one on the jury may disagree with him."

This instruction was refused by the court, and such refusal was assigned for error on appeal.

*Frank Roberson,* for appellant.

The theory of the appellant was that one Whaley, while under the influence of whisky, during the festivities attendant upon Christmas celebration, accidentally shot the deceased; and several witnesses testified to this effect. In view of the sharp conflict in the testimony between the witnesses for the state and the

witnesses for the appellant, the court erred in not granting the fifth instruction asked by counsel for appellant.

There was no error in this fifth instruction. It urged each juror to decide for himself, under his oath, the issues presented by the evidence, and to stand by his decision thus arrived at, even though every other juror should come to a different conclusion.

Were each juror in every criminal case to stand by his honest convictions until really convinced of his error in such conclusion, justice would more often be accomplished. As it now is, the prevailing inclination of jurors, especially those in minority, to give up their views as a result of an opposing view of a majority of the other jurors, is one of the greatest objections to the jury system.

Because the court erred·in granting the above instruction, this case must be reversed. *Aszman* v. *State,* 123 Ind., 347; *Castles* v. *State,* 75 Ind., 146; 2 Am. & Eng. Ency. Pl. & Pr., 305, note 6.

*D. J. Allen,* on the same side.

In view of the enormity of the charge against appellant—that of murder—the court should have granted the refused fifth instruction. There was nothing stated therein which was contrary to strict law. It merely stated that each juror should draw his own honest conclusions as to the true facts, and not borrow from some other juror's ideas.

As a matter of law, all facts are to be assimilated with the idea that the accused is innocent until proven guilty, and proven guilty not by the views of a majority of the jury with right given this majority to persuade the minority, but by the facts as viewed by each juror coming to such conclusion without regard to the conclusion reached by any other juror.

There could thus certainly be no harm-in telling the jury to stand by their honest conclusions, after their consideration of all of the evidence. And in substance this was what the refused instruction stated.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The fifth instruction, which was refused by the court, is in many respects similar to an instruction passed upon by this court in *Lawson* v. *State,* 87 Miss., 562 (40 South. Rep., 325) ; and the refusal of such instruction in that case was not reversible error.

It is hardly probable that any juror could be found, in this enlightened day, who does not understand what the refused instruction states—namely, that his own judgment under the evidence should control his decision. The instructions of the court in criminal cases need not embody a complete code of moral conduct by which the jury must be governed.

Mayes, J., delivered the opinion of the court.

We think the court erred in refusing the fifth instruction asked by the defendant, and for this reason are of the opinion that the judgment should be reversed. We consider no other point.

*Reversed and remanded.*