Jerome Taylor v. State of Mississippi.

[42 South. Rep., 608.]

1. Criminal Law. *Instructions. Reasonable doubt.*

An instruction on reasonable doubt to the effect that defendant was entitled to the verdict of twelve men, each of whom on the whole evidence must be free from any reasonable doubt in his own mind, not the minds of the prosecutors or the court, and each juror should be allowed to have his own conception of what a reasonable doubt is to him, not what it is to the prosecution, and was under no legal compulsion to give or be able to formulate and state the reason which may raise a reasonable doubt in his mind and conscience, it being sufficient if any member of the jury in fact had any reasonable doubt, the defendant being then entitled to his vote of not guilty on the verdict, was erroneous, and properly refused.

2. Same.

An instruction that reasonable doubt is not vague conjecture, nor mere supposition or hypothesis, but is such doubt as reasonably arises out of the testimony, a doubt for which a reason can be given, mathematical or demonstrable certainty not being required, but the testimony should be equal to that which controls and decides the conduct of men in the highest and most important affairs of life, all that is required to enable a jury to return a verdict of guilty being, after a comparison and consideration of all the testimony, to believe conscientiously that it establishes defendant's guilt as charged, was erroneous.

3. Same. *Homicide. Self-defense. Assault.*

An instruction to the effect that no words used and directed to any person, or assault made on any person with the fist alone, will justify the taking of human life, and if the jury believe from all the evidence beyond every reasonable doubt that deceased struck or struck at defendant with his fist and used certain opprobious words, then the jury must find defendant guilty as charged in the indictment, was erroneous.

From the circuit court of Greene county.

Hon. William H. Hardy, Judge.

Taylor, the appellant, was indicted for the murder of one McInnis, tried and convicted of manslaughter, sentenced to the

penitentiary for a term of twenty years, and appealed to the supreme court.

The killing occurred at a picnic. Appellant was a 'deputy marshal of the village of Merrill; being instructed by his principal to assist in the arrest of McInnis, who was guilty of profanity; he did so, and while he was escorting his prisoner from the picnic grounds sharp words passed between them, and appellant shot McInnis, inflicting fatal injuries. The testimony respecting the words passed between the parties and their actions immediately prior to the shooting was conflicting. According to the state's testimony the jury were fully warranted in convicting appellant, but the testimony offered by appellant showed that McInnis used vile language toward and cursed him several times, after the arrest, and finally struck at appellant with his fist, reaching in his pocket at the same time with his other hand, as if for a weapon, thereby causing the appellant to fear for his life, and to fire the fatal shot. The actions of the trial court in refusing instruction numbered eleven, asked by appellant, and in giving instructions numbered three and four, asked by the state, were assigned as errors. These instructions, referred to in the opinion, were as follows:

"No. 11. The court charges the jury, for the defendant, that he is entitled to the verdict of twelve men, each of whom on the whole evidence must be free from any reasonable doubt in his own mind, not the minds of the prosecutors or the court, and each juror should be allowed to have his own conception of what a reasonable doubt is to him, not what it is to the prosecution; and each member of the jury is under no legal compulsion to give or be able to formulate and state the reason which may raise a reasonable doubt in his mind and conscience. Suffice it to say that, if any member of the jury, in fact, have any reasonable doubt, the defendant is entitled absolutely to his vote of not guilty on the verdict."

"No. 3. The court instructs the jury, for the state, that no words used and directed to any person, or assault made upon

any person with the fist alone, will justify the taking of human life; and if the jury believe from all the evidence beyond every reasonable doubt that the deceased, McInnis, struck or struck at Taylor with his fist, and used the words alleged to have been used toward Taylor, then they must find the defendant guilty as charged in the indictment.

"No. 4. The court instructs the jury, for the state, that reasonable doubt is not vague conjecture, nor mere supposition or hypothesis, but is such doubt as reasonably arises out of the testimony; a doubt for which a reason can be given. Mathematical or demonstrable certainty is not required. While the testimony should be equal to that. which controls and decides the conduct of men in the highest and most important affairs of life, all that is required, to enable a jury to return a verdict of guilty, is, after a comparison and consideration of all the testimony, to believe conscientiously that it establishes the guilt of defendant as charged."

*W. H. Maybin,* and *J. M. Hairston,* for appellant.

It was error in the court below to refuse the eleventh instruction asked by appellant. *Ammons* v. *State,* 89 Miss., 369 (s.c., 42 South. Rep., 165). While the language of this eleventh instruction. is not exactly the same as the instruction passed upon in the *Ammons case,* there is practically no distinction in law between the two.

The third and fourth instructions granted to the state were erroneous. *Powers* v. *State,* 74 Miss., 777 (s.c., 1 South. Rep., 657); *Ellerbe* v. *State,* 79 Miss., 10 (s.c., 30 South. Rep., 57), and cases there cited.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is conceded that the third and fourth instructions granted to the state were incorrect. Whether the granting of the same

constitutes reversible error is respectfully submitted to the court.

CALHOON, J., delivered the opinion of the court.

We would not reverse for the refusal to give the eleventh instruction asked by the defendant. It does not conform to that in *Ammons* v. *State,* 89 Miss., 369 (s.c., 42 South. Rep., 165). That contains the words "after free consultation with his fellows." This does not, and, besides containing an improper reference to the court, might imply to a juror that his own view must be held to, regardless of argument from those on the panel who might differ from him. *Little* v. *People,* 157 Ill., 153 (42 N. E., 389). Instructions of this nature should be carefully guarded, so as not to foster prejudice or encourage obstinacy.

The assistant attorney-general, however, very commendably and properly admits error in the giving of the third and fourth instructions for the state, and we think for this the case should be, and it is,

*Reversed and remanded.*