ALBERT BELL v. STATE OF MISSISSIPPI.

[42 South. Rep., 542.]

1. CRIMINAL LAW. *Homicide. Instructions. Error not cured by subsequent Instruction.*

On a trial for homicide, an instruction announcing that flight may only be considered as a circumstance of guilt, and that defendant must be acquitted, unless shown to be guilty beyond every reasonable doubt arising from the evidence, does not cure a refusal to give defendant an instruction authorizing the jury to consider the fact that defendant went to his home after the killing, notified the sheriff that he would surrender himself in a short time, and surrendered himself the next day.

2. SAME. *Instruction dealing with individual jurors.*

On a trial for homicide an instruction on the subject of a reasonable doubt, dealing with the jury as a whole, will not cure the refusal of an instruction on the same subject, properly drawn, dealing with the individual juror.

3. SAME. *Deliberation of jury.*

In a criminal case, if any individual juror, as distinguished from the jury as a whole, entertains a reasonable doubt of defendant's guilt, there should not be a conviction.

FROM the circuit court of Attalla county.

HON. J. T. DUNN, Judge.

Bell, the appellant, was indicted and tried for the murder of one David White; was convicted of manslaughter, sentenced to the penitentiary for a term of years, and appealed to the supreme court.

The killing of White occurred at night in a room of a hotel in the town of Kosciusko, and was the result of a quarrel which arose between the parties while gambling. Immediately after the tragedy the appellant fled to his home in the country, but notified the sheriff of the county, the next day, that he would come to Kosciusko and surrender himself in a very short time, and this he did on the ensuing day. Appellant's defense was that the deceased, being under the influence of intoxicants when the quarrel arose, advanced upon him with a large knife, and that the shooting was in self-defense. No person was present in the room at the time of the shooting save appellant and the deceased; one Dowell, a friend of appellant, was present when the quarrel began, but left the room before the shooting. The jury found appellant guilty of manslaughter. He appealed from a judgment based thereon, and this court reversed the judgment and remanded the case for new trial. *Bell* v. *State,* 38 South. Rep., 795.

A second trial being had, the jury again found appellant guilty of manslaughter, and he prosecuted this, his second appeal to the supreme court, assigning as error the refusal of the court below to grant the two instructions quoted in the opinion of the court.

*A. F. Fox,* for appellant.

It was reversible error for the court below to refuse the instruction asked by appellant to the effect that if the jury had any question in mind, resulting from the flight of the appellant shortly after the killing, they should, in connection with

such circumstance, also bear in mind that he forthwith notified the sheriff that he would surrender himself into the sheriff's hands.

The court below further erred in refusing the instruction asked by appellant to the effect that before the jury could convict the evidence should be so strong as to convince each juror beyond every reasonable doubt; and that if any one of the jury had such doubt of appellant's guilt, there should be no conviction. *State* v. *Rorabacher,* 19 Iowa, 154; *Hamilton* v. *State,* 57 Iowa, 15. Nor were the errors thus committed by the court below in refusing these two instructions cured by the other instructions granted in the case. 2 Thompson on Trials, 181.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is contended by the learned counsel for appellant that the refusal of the court below to grant the instruction marked B, and being to the effect that the jury should bear in mind the surrender of the appellant a few days after the shooting, at the same time they considered appellant's flight immediately following the shooting of deceased, constituted palpable error. It cannot be denied that there is grave doubt as to the action of the court in refusing the instruction, but if the refusal were error, it is respectfully submitted that it is cured by the seventeenth instruction granted appellant, charging the jury that flight, if proven, should only be considered as a mere circumstance of guilt.

As regards the second contention of opposing counsel in regard to the doubt of any one individual juror, as expressed in the refused instruction asked by appellant, if the refusal of the same were error, it is submitted that appellant's third instruction, granted by the court, cured the error, being in very nearly all respects similar in meaning, if not in words.

WHITFIELD, C. J., delivered the opinion of the court.

This was a very close case upon the evidence, making it, consequently, of vital importance that there should be no material error of law committed by the court below against the appellant. The court refused to give for the appellant instruction B, which is as follows: "The court instructs the jury that in connection with the circumstances that, after the killing of David White, the defendant went to his home, they may also consider the fact, if such is proved, that on the day after the night on which he returned home he voluntarily notified the sheriff of Attala county that he would come in on Friday, the next day, and give himself up, and that on Friday, the next day, he did voluntarily come to the town of Kosciusko, and voluntarily surrendered himself to the sheriff." It is insisted by the assistant attorney-general that this was cured by the seventeenth instruction given for appellant, which was as follows: "The court instructs the jury, for the defendant, that flight, even when proved, may only be considered as a circumstance of guilt; and, unless the evidence in this case is so positive and certain as to produce in the minds of the jury the solemn conviction that the defendant, beyond all reasonable doubt, is guilty, then their verdict should be for the defendant." We do not think so. It was clearly error to refuse this instruction.

The court also refused instruction A, which is as follows: "The court further instructs the jury, for the defendant, that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of the defendant; that before you can convict this defendant the evidence must be so strong that it convinces each juror of the defendant's guilt beyond every reasonable doubt; and if, after a consideration of the evidence, or the want of evidence, a single juror has a reasonable doubt of the defendant's guilt, then you cannot convict him under this charge." The assistant

attorney-general insists that this is cured by the third instruction given for the appellant, which is as follows: "The court charges the jury that, if they have a reasonable doubt of the guilt or innocence of the accused, from all the evidence, they should acquit; and the defendant is entitled to the verdict of twelve men, each of whom, on the whole evidence, must be free from any reasonable doubt in his own mind, and he should be allowed to have his own conception of what a reasonable doubt is to him, and, unless the jury believe beyond a reasonable doubt, and to a moral certainty, that defendant is guilty, they should acquit." A careful reading of the two instructions will show that the refused instruction was specially directed to the proposition that each juror is entitled to exercise his own individual judgment. The third instruction for appellant is directed rather to the proposition that the entire jury must entertain a reasonable doubt in order to acquit. It deals with the jury as a whole.

The refusal of instruction A is also clear error. So long as the fundamental proposition remains that the verdict of a jury must be unanimous, and that, in criminal trials, a reasonable doubt of the defendant's guilt, arising out of the evidence, prevents a conviction, it must follow, as the inexorably logical result, that such reasonable doubt entertained by any one juror, after full conference with his fellow jurymen, and a fair and honest weighing of the law as given, and the evidence in the case, must equally prevent a conviction. It will not do to say that the charge means that, if one so doubts, the jury must acquit. That wrests plain language, and contravenes the simple, natural and manifest import of the charge, which is, merely, if one juror so doubts, it is his duty, acting at last on his oath, on his best judgment, after such conference and consideration, to stand on that judgment and prevent an illegal conviction. The danger is, not that one juror will influence eleven, and procure thus an improper acquittal; but that the

one left against eleven, though most honestly entertaining such doubt, after such conference, will yield his convictions improperly; and practically the charge means simply a mistrial. That this is the meaning of such a charge is clearly and strikingly shown by the case of *State* v. *Rorabacher,* 19 Iowa, 154. There the charge as originally written was: "If any one of the jury entertain a reasonable doubt of the sufficiency of the proof to establish any one material averment in the indictment, you must give the defendant the benefit of such doubt, and acquit the defendant." The trial court struck out the words "and acquit the defendant," approving the rest, and said: "As asked, it was clearly objectionable. Such a proposition would entitle a party to an acquittal if any one juror entertained a reasonable doubt. It is a reasonable doubt entertained by the jury, and not by any one member thereof, that justified—what? a mistrial? No, an acquittal." See, as especially enforcing this view, 2 Thomp. Trial Evidence, pp. 180-182, note 2. To this we agree, and its counterpart is equally obvious: That it is only the absence of a reasonable doubt on the part of the whole jury that will justify a conviction. In the case of *Hamilton* v. *State,* 57 Iowa, 15 (10 N. W., 276; 42 Am. Rep., 39), the court expressly says: "Of course, each juror is to act upon his own judgment. He is not required to surrender his convictions unless convinced. He may be aided by his fellow jurors in arriving at the truth, but he is not bound to find a verdict against his judgment, merely because the others entertain views different from his own."

We have thus fully noticed these two cases, because they are the only two (from the same state, too) which Mr. Thompson (Thompson on Trials, vol. 2, sec. 2495) cites as intimating a variance from the general doctrine. Mr. Thompson himself, one of the most accurate and accomplished of law writers, approved the general doctrine thus stated by the supreme court of Indiana. *Clem* v. *State,* 42 Ind., 420: "Each juror should

feel the responsibility resting upon him as a member of the body, and should realize that his own mind must be convinced of the defendant's guilt beyond a reasonable doubt, before he can consent to a verdict of guilty. We think, notwithstanding the general charge of the court, that defendant had the right to have the charge asked given, thus specifically calling the attention of each juror to the duty and responsibility resting upon him, as well as to the legal rights of the defendant." This announcement is followed in *Castle* v. *State,* 75 Ind., 147; *Stitz* v. *State,* 104 Ind., 359 (4 N. E., 145); *State* v. *Witt,* 34 Kan., 488 (8 Pac., 769), and in the case of *Carter* v. *State,* 103 Ala., 94 (15 South. Rep., 893). In the latter case the court says: "The defendants requested in writing the following charges separately: 'Unless each of you is convinced beyond a reasonable doubt of the guilt of the defendants, from the evidence in the case, then you should not convict them.' 'Before you can convict the defendants you should each be convinced beyond a reasonable doubt of their guilt from the evidence and the evidence alone.' These charges were severally refused, and the defendants excepted to each refusal. That the court erred seems too plain for argument. There is nothing better settled in our jurisprudence than that the concurrence of all the jurors is essential to a verdict in all cases, civil and criminal. This is as well settled as the other principle that the jurors in a criminal case must be satisfied beyond a reasonable doubt of the defendant's guilt before there can be a conviction. It is logically impossible to apply these principles and hold that a conviction of a criminal charge may be had, although one of the jurors may not believe beyond a reasonable doubt that guilt has been established. Each juror must be satisfied beyond a reasonable doubt that the accused is guilty before there can be a conviction. This right is so securely guarded that, when a verdict of conviction is read, the defendant may have the jury examined by the poll to make sure that it is the verdict

of each juror." These views are given the sanction of Mr. Thompson. 2 Thomp. on Trials, sec. 2494 *et seq.*

It will not avail against this reasoning and concurrence of judicial opinion to say that so to hold is to overrefine. It is no more overrefining than the many approved instructions explanatory of reasonable doubt—nay, than the doctrine of reasonable doubt itself—is. We do not like to "entangle justice in matters of form," but a principle like this, ruling in all criminal trials, from misdemeanor to treason, seems to us, not form, but vital substance, the crystallized growth of centuries of experience.

*For these errors the judgment is reversed and the cause remanded.*