GEORGE W. THOMAS *v*. STATE.

[60 South. 781.]

1. CRIMINAL LAW. *Appeal. Presentation below. Variance. Refusal of instructions. Harmless error. Exclusion of witness. Remaining in court room. Code* 1906, *section* 4936.

Under Code. 1906, section 4936, so providing, a claim of variance between the allegations of the indictment and the proof cannot be made on appeal to the supreme court, where it was not made ground of special exception in the court below.

2. CRIMINAL LAW. *Instructions. Reversible error.*

The refusal of an instruction for the defendant that "each juror should make up his verdict for himself and should not surrender his own convictions simply because other jurors may entertain a different opinion," is not reversible error where there is practically no conflict in the evidence and the guilt of defendant is conclusively shown.

3. CRIMINAL LAW. *Witness remaining in court room. Execution.*

Where a witness remains in the court room during the trial contrary to the order of the court he can be punished for violating such order, but should .nevertheless be allowed to testify.

APPEAL from the circuit court of Sunflower county. HON. MONROE McCLURG, Judge.

Geo. W. Thomas was convicted of embezzlement and appeals.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* attorney for appellant.

It was error on the part of the court below to permit Marshall Burnett, a witness on behalf of the state, to testify after he had remained in the court room during the examination of the defendant. The rule had been invoked and the witness should have been excluded. It was error on the part of the court below .to refuse in-

struction No. 4 asked on behalf of the defendant. This instruction stated the law applicable in this cause, and should have been given. The whole evidence in this case is not sufficient to support the verdict.

It was error on the part of the court below to overrule defendant's motion to exclude the evidence by the state when they had rested their case. The indictment alleges that the defendant embezzled seventy dollars which had come into his hands as guardian of one Henry Jamerson, but there was no proof of any kind offered by the state to show that the seventy dollars alleged to have been embezzled by the defendant was paid out of any trust fund which he had belonging to the said Henry Jamerson, but to the contrary, all of the proof offered by the state shows clearly that the defendant was guardian for both Henry Jamerson and James Jamerson, and that he had certain funds belonging to one or both of these minors on deposit in the Delta Pennie Savings Bank, to his credit as guardian, but the state offered no proof whatever to show out of what particular fund the seventy-dollar check offered in evidence was paid, whether out of funds belonging to Henry Jamerson or James Jamerson. The ownership of this seventy dollars was a material allegation in the indictment, and the indictment alleges it to belong to Henry Jamerson, but the proof wholly fails to show whether it belongs to Henry Jamerson, James Jamerson or to James and Henry Jamerson jointly.

I think the law as announced by this court in the case of *Polklinghorne* v. *State,* 7 So. 347, and the case of *McDowell* v. *State,* 8 So. 508, applies in this case, and for the reasons therein given, this case should be reversed.

*Frank Johnston,* assistant attorney-general, for the state.

It is discretionary with the trial court to permit a witness placed under the rule, but who violates it, to tes-

tify, citing numerous decisions, among them *Taylor* v. *State,* 30 So. 657.

The doctrine or rule announced in *Sartorius* v. *State,* 24 Miss. 602, is as follows: "Where the witnesses both for the state and the prisoner, after empaneling of the jury, have been ordered to leave the court room during the examination, and one of them disobeys the instruction, and hears the whole, or any part of the testimony given by the witnesses, it is a question within the discretion of the court of original jurisdiction, to allow such witness to testify in the case or not."

This court held in *John Smith et al.* v. *State,* 61 Miss. 754: "Allowing a witness to be examined who remained in the room while all the others are under the rule is a matter wholly within the discretion of the court and is not assignable as error."

In *Taylor* v. *State,* 30 So. 652: "Where one of the state's witnesses remained in the court room during the examination of the other witnesses, in violation of an order of exclusion, permitting him to testify thereafter was a matter within the discretion of the court."

It is next contended by counsel for appellant that the court erred in refusing instruction number 4 asked by defendant. That instruction is as follows: "The court instructs the jury that it is the duty of each individual juror to make up his verdict in this case for himself, and that if any member of the jury, after having duly considered all the evidence in this case, and after free consultation with his fellow jurors, should entertain a reasonable doubt of the defendant's guilt as charged in the indictment, it is his duty not to surrender his own convictions simply because the other jurors may entertain a different opinion." This instruction is fundamentally unsound, because the court cannot instruct a juror as to the workings of his own mind, nor as to the relative values of opinions. It is the juror's province strictly to judge whether or not his opinion is valu-

able or valueless, and whether it should yield to the more
logical and well-founded conclusions of others. It would
be a solecism to say that one juror might not argue
with another in the jury room, using all the legitimate
means of reasoning to prove a point, and that the district
attorney or the counsel for appellant can argue with
the juror before he retires to the jury room to consider
of his verdict. The principle is the same. Of course, it
is not supposed that eleven jurors could use threats, or
means of intimidation, in the jury room, in order to ob-
tain a change of mind of one lone juror.

Counsel, however, does not urge his objection by the
citation of any authorities or decisions on this point, I
presume for the reason that this court has held that this
instruction was rightfully refused in a case of this char-
acter, although the refusal of such an instruction in the
case of *Ammons* v. *State,* 89 Miss. 369, was error, and so
held by this court. This case will be distinguished from
the case at bar later on in this brief.

This court, in the case of *William Lawson* v. *State,* 87
Miss. 562, 40 So. 325, has held: "The refusal of an
instruction in a criminal case propounded a mere truism,
as one to the effect that each juror should base his ver-
dict on the law and the evidence and not consent to a ver-
dict merely because it is the verdict of another, or of
the majority of the jurors, will not work a reversal in
the case of guilt so plain that a different result could
not reasonably be expected on a new trial."

The court held in *Ammons* v. *State,* 89 Miss. 369, 42
So. 165, in construing the refusal of an instruction
worded almost precisely as the instruction in the case
at bar and now under consideration: "It is reversible
error on a trial for murder, where there is a conflict of
evidence, to refuse a charge to the effect that it is the
duty of each juror to decide the issues for himself, and
if any juror has a reasonable doubt of the guilt of the
accused, it is his duty to stand by his conviction, and not

yield simply because every other juror may disagree with him.''

I do not believe this decision is in point with reference to the case at bar, because, as said above, there is no material conflict of evidence in the case. There is, however, a most clear, direct, and explicit showing made of the indisputable guilt of the appellant. The instruction was rightfully refused by the court. The appellant is guilty beyond every reasonable doubt, and the jury so found.

In 2 Ency. Pl. & Pr., p. 315, XVI: ''The trial judge is vested with large discretion in judicial proceedings. . . . He may advise jurors to lay aside mere pride of judgment, and not to adhere to an opinion regardless of what the other jurors say, merely through stubbornness; to examine any existing difference in a spirit of fairness and candor, and to reason together and talk over such differences, and harmonize them if this be possible.''

In *Bell* v. *State,* 89 Miss. 810, 2 Am. & Eng. Ann. Cases, it is held: ''In a prosecution for homicide, the refusal of a requested instruction specially directed to the proposition that each juror is entitled to exercise his own individual judgment, and that before a conviction can be had the evidence must convince each individual juror of the defendant's guilt beyond a reasonable doubt, is error, which is not cured by an instruction directed to the proposition that the defendant must be acquitted if the entire jury entertains a reasonable doubt as to his guilt.''

''It is not error to refuse to instruct the jury that in case one of the jury has doubts as to the guilt of the prisoner, it is the duty of the other jurors to yield their convictions, and give the prisoner the benefit of the doubt existing in the mind of the juror.'' *State* v. *Bowman,* 80 N. Car. 432.

COOK, J., delivered the opinion of the court.

Appellant was indicted and convicted for embezzling seventy dollars, the property of Henry Jamerson. The record shows that appellant was the duly qualified guardian of Henry Jamerson and James Jamerson, minors; that certain funds, amounting to three hundred and thirty-three dollars and thirty-four cents, came into his possession, the joint estate of the two minors; that this money was deposited in a bank to his account as guardian of the two minors jointly; that he drew a check on this joint fund, for the payment of a personal indebtedness, which check was paid by the bank. It will be noted that he was charged with embezzling seventy dollars, the property of Henry Jamerson.

It is claimed that there was a fatal variance in the averment and the evidence, citing *Polkinghorne* v. *State,* 7 South. 347, and *McDowell* v. *State,* 68 Miss. 348, 8 South. 508. The record does not show that this question was raised in the court below, but is for the first time assigned as error in this court. The error complained of was not made a ground for special exception in the trial court, and it cannot be made here. Section 4936, Code of 1906.

The trial court refused to instruct the jury that each juror should make up his verdict for himself, and should not surrender his own convictions simply because other jurors may entertain a different opinion. There was very little, if any, conflict in the evidence. It was shown that defendant undoubtedly converted the estate of his wards to his own use, and the circumstances are conclusive that the conversion was felonious. The refused instruction merely announces a truism, probably recognized by all intelligent persons, and in the state of this record we are of opinion that the court's refusal to grant the instruction was not reversible error.

It is further contended that the court erred in permitting a state's witness to testify who had remained

in the court room during the examination of the defendant. Assuming that the witness had violated the orders of the court, it was within the discretion of the court to punish the witness of the state, and we think the court wisely refused to deprive the state of the witness's testimony.

*Affirmed.*