ALONZO WALFORD *v.* STATE.

[63 South. 316.]

1. JURY. *Special venire. Embodying names in summons. Criminal law. Harmless error. Code 1906, sections 2715-2718. Instructions.*

    When a special venire is demanded and the jury box is exhausted, it becomes the duty of the court under section 2715, Code 1906 to order the sheriff to summon as many jurors as necessary, the number to be fixed by the court, in no case to be less than forty, and it then becomes the duty of the sheriff to summon the required number of men, their selection resting wholly in his discretion, it only being required that he act in good faith in making the selection.

2. SAME.

    It is unnecessary in such case for the sheriff to deliver a list of the jurors he expects to summon to the clerk to be embodied in the writ issued to him. All he is required to do is to return the names of the forty men summoned, and the fact that he only summoned thirty men, the other ten not being found, is imma-

terial, if an impartial jury is obtained, since under section 2718, Code 1906, all the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely.

3. CRIMINAL LAW. *Instructions. Duty of jurors.*
     It was not error in a criminal case to refuse an instruction, that no juror having a reasonable doubt as to guilt, should yield to the majority of the jurors, where the jury was fully instructed on the law of the presumption of innocence and reasonable doubt, since each juror selected is presumed to know that he should not return a verdict of guilty, simply because other jurors favored doing so.

APPEAL from the circuit court of Leflore county.
HON. MONROE McCLURG, Judge.

Alonzo Walford was convicted of murder and appeals.

On appeal, among other errors, appellant assigns the refusal to grant instruction number 22 asked by him, which is as follows: ''The court charges the jury for the defendant that each and every member of the jury is a judge of the evidence and whether the defendant is probably guilty or not, and, if any member of this jury believe the defendant not guilty of the crime, it is your duty to stand for acquittal in this case, even if all of your fellows, except yourself, believe he is guilty; and you should never compromise, or give in, to the idea of the majority of your fellows that he is guilty, but you must have a doubt, arising out of the evidence, or want of evidence, the defendant is guilty of the crime charged against him in the indictment, and, if you have such a doubt of his guilt, you should stand out until the last for a verdict of acquittal in this case.''

*M. B. Grace,* for appellant.

The special venire summoned from which to select a jury to try appellant could not be considered a special venire under the law. It is shown affirmatively, only thirty veniremen were served to appear for jury duty. The order of the court was, a special venire *facias* be di-

rected to the sheriff, commanding him to serve, and summons not less than forty good and lawful men. Section 2715 of the Code of 1906, among other things, reads as follows, to wit: ''And in the event that there should be no such jury box, or the same should be mislaid, or the names therein have been exhausted, then the court may order a special venire *facias* to be issued by the clerk, directing the sheriff to summons as many jurors as may be necessary, ''not less than forty,'' etc.

Was the so-called special venire *facias* a legal special venire *facias?* Was this a legal special venire? Did the sheriff comply with the statute? By statute, the appellant is given the right, being charged with a capital offense, to have a special venire of forty men, not less than forty, from which to select a jury to try him. He did not have this right at common law. Section 2715, Code 1906, specially requires, that the appellant, being charged with a capital crime, shall have this inalienable right, and the sheriff must summons as many men as necessary, in no case to be less than forty men. The statute gave the appellant the right to have this many men present from which to select a jury when he is put on trial. The sheriff may summons as many more than forty as he should think would be necessary, but he must summons at least forty men to begin with, and when they are exhausted, he may summons others. It requires this many men summoned from which to select a jury to try appellant, and if they have not been summonsed, it is not a legal constituted special venire, and the appellant has the right to object to being put to trial with less than that number from which to select a jury. It was error to put appellant to trial with a less number summonsed than forty from which to select a jury. Of course, the sheriff may have actually summonsed the required number, and one or more of them become ill and unable to attend court. This should be no fault of the sheriff.

It may be argued, in what way did the appellant suffer because the sheriff did not summons fully forty men?

We answer this argument by saying, had the appellant started out with a legal venire from which to select a jury, a jury might have been obtained out of the forty, and a different result have been reached. An appellant charged with a capital crime, and the law giving him certain inherent rights, those rights should be carefully and jealously guarded by the court.

The statute requires that all special venires be drawn in open court. There the defendant is represented and his counsel is present to guard his rights, but to let a sheriff take the poll books and go off in a private office and fix up a list of veniremen he desired summonsed, the defendant or his counsel not being present and knowing nothing of it, in that event, proceedings are being had when the defendant is not present or his counsel, and this venire does not comply with the law, and it should be quashed on motion made to quash it. This procedure is a violation of the constitutional rights of the defendant to be present at and during all the proceedings of his trial. The proceedings of his trial are in progress from the time the indictment is returned into open court until sentence has been passed, and he has a right to be present at each and every step in the proceedings of his trial, and his personal presence is necessary. It is just as necessary that he be present when the special venire is drawn as it is that he be present when the jury returns with its verdict in the case, or, sentence is pronounced, murder being a capital crime. The special venire should have been quashed on either or both of the above grounds, and it was error to have forced the appellant to go to trial, his motion not having been complied with, the order of the court, and the statute not having been complied with.

Instruction number 22 requested by the appellant and refused by the court is one which has been passed by the supreme court. The case was appealed from the second district of Bolivar county, Mississippi, when Hon. SAM

C. COOK was on the bench, but, we are unable to find the case at this time. This identical instruction was requested by the defendant and refused, and the defendant convicted of the crime of murder, and appealed; the action of the court in refusing this identical instruction was assigned as error, and upon this assignment of error, the judgment of the court was reversed, and the cause remanded. It has been suggested that the opinion of the court in that case has been overruled, but if so, we are unable to find the opinion of the court overruling it, hence we say the court erred in this case in refusing this charge. The Constitution of both the United States and the state of Mississippi guarantees, to a man charged with crime, the right to a trial by a jury, and it means a jury of twelve good and lawful men. When a man is charged with a capital crime, and death is the punishment, all twelve of the jurors should be convinced he is guilty as charged in the indictment, and if any member of the jury has a doubt of his guilt or innocence, he should not be required to compromise of his guilt or innocence, and give in to the others of his fellows, simply to return a verdict. The defendant should not be tried by such a juror, and if unfortunate enough to have to be tried by a bunch of weak-kneed fellows, the court should charge them correctly as to what the law is, and the rights of each member of the jury, as well as of the province of the jury, and we think it was error for the court to have refused this instruction.

The instruction told the jury, and each of them, if any one of the twelve had any doubt as to the guilt or innocence of the defendant, it was his sworn duty to hold out for a verdict, even to the end, and he should never compromise the life or liberty of the defendant with his fellow jurors. When each juror is examined on his *voir dire* examination, he is asked the question, if he will try the case according to the law and evidence and a true verdict render, and, if he has a reasonable doubt as to

the guilt or innocence of the defendant, will he resolve that doubt in favor of the defendant. This instruction is merely telling him what his duty is in the case.

*Geo. H. Ethridge,* assistant attorney-general, for appellee.

The first complaint in the brief of the appellant is as to the selection of a special venire. He complains that only thirty veniremen were served when the statute said that there should be not less than forty and quotes the statute as follows: "And in the event that there should be no such box, or the same should be mislaid, or the names therein have been exhausted, then the court may order a special venire *facias* to be issued by the clerk, directing the sheriff to summon as many jurors as may be necessary, not less than forty," and etc.

Section 2715 of the Code governs this case and it is the number to be drawn that is specified to be forty and not the number served. In cases like this it is never known in advance who can be found and who cannot be found and what the law intends is that, on the demand of the defendant not less than forty names shall be selected by the proper authorities as a list of men to be sought in the county for jury service in the particular case. It must be remembered that the whole object in reference to selecting juries is to get a fair and impartial jury and if this result is reached any defect in their procedure which had not resulted in any harm to the appellant is immaterial. Courts do not sit for the purpose of reciting merely what method is proper or improper in the case, but they sit for the purpose of giving justice to litigants, and unless an error is harmful it is never a reversible error and while the court always should follow statutory directions, still their failure to do so will not cause a fair trial to be set aside. This is not only a general rule of the courts of appeal in all the states, but it is expressly provided in section 2718 of the Code that

the jury laws are directory and that a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn.

It nowhere appears in the record that the appellant was prejudiced by the selection of the jury or that he had exhausted his challenges under the law. See, also, *Head v. State*, 44 Miss. 731; *Buchanan* v. *State*, 84 Miss. 332, 36 So. 388. This statute and these cases answer in the affirmative the question of the appellant, ''Was this a legal special venire?''

Appellant complains that the court erred in refusing certain instructions asked by the appellant. The court gave the appellant twenty-one instructions and refused about seven. It is well settled in this state that where the instructions already given cover the law applicable to the case that no error can be predicated on a refusal of other instructions even though they are correct. In the present case, however, the refused instructions manifestly were incorrect and the court rightfully refused them.

The law as announced for the defendant has been favorably given to him and it is not error to refuse to grant instructions asked when the true principles of law are embraced in those already given. *Head* v. *State*, 44 Miss. 731; *Evans* v. *State*, 44 Miss. 762; *White* v. *State*, 52 Miss. 216; *King* v. *State*, 58 Miss. 737; 30 Am. St. 344 and note; *Schrader* v. *State*, 84 Miss. 593, 36 So. 385, and other authorities collected in 1 Bob Merrill's Digest, title Criminal Law, sec. 829.

SMITH, C. J., delivered the opinion of the court.

We find no reversible error in this record, and deem it necessary to notice specifically only two of the assignments of error.

Appellant, having demanded a special venire, and the jury box being exhausted, the court directed the sheriff

to summon forty men for service as jurors in the case, if necessary. The sheriff thereupon selected from the list of qualified voters forty names, handed a list thereof to the clerk, and they were by him embodied in a writ issued to the sheriff. Of this number only thirty were summoned; the sheriff's return showing that the remaining ten were not found. Appellant thereupon filed a motion to quash the venire on the following grounds: "First. Because the said veniremen were not drawn as required by law. Second. Because the court ordered a special venire *facias* to issue to the county of Leflore for forty men; that is, that the sheriff summon and serve with process forty good and lawful electors of the said county and state to appear at the courthouse of said county on the 5th day of February, 1913, from which a jury is to be selected to try the defendant on the charge of murder. The writ of special venire shows that the forty names appear on the said writ, but that the sheriff has only served thirty of the forty men selected, and that only thirty men of the special venire will be present, and is present, from which a jury is to be selected. Third. Because the special venire in this cause was selected and drawn out of the courtroom, and when the defendant, or either of his counsel, and when the judge and the district attorney were not present, and the defendant, or either of his attorneys, did not know the names of the men who had been selected by the sheriff to be summoned as veniremen in this case. Fourth. Because the sheriff selected the forty men in this venire from the five beats in the county, an order of the court having been directed to him to select and serve forty men, good and lawful, to appear on the 5th day of February, 1913, and the said men were not drawn from the jury boxes of the county as directed by law. Fifth. For other reasons to be assigned on the hearing of this motion."

This motion was by the court overruled. When a special venire is demanded and the jury box is exhausted,

it becomes the duty of the court, under section 2715 of the Code of 1906, to order the sheriff to summon as many jurors as necessary, the number to be fixed by the court in no case to be less than forty; and it then becomes the duty of the sheriff to summon the required number of men, their selection resting wholly in his discretion, assuming, of course, that he acts in good faith in making the selection. It is unnecessary for him to deliver a list of the jurors he expects to summon to the clerk to be embodied in the writ issued to him; all that he is required to do is to return the names of the forty men summoned. The sheriff failed to summon forty jurors, and therefore to that extent failed to obey the order of the court; but under section 2718 this provision of the jury law is directory merely. Since there is no hint in the record that an impartial jury was not obtained, appellant suffered no harm by reason of the fact that the sheriff only summoned thirty men, and cannot complain thereof. *Buchanan* v. *State*, 84 Miss. 333, 36 South. 388.

The court committed no error in refusing the twenty-second instruction requested by appellant, which the reporter will set out in full; and the cases of *Ammons* v. *State*, 89 Miss. 369, 42 South. 165, and *Bell* v. *State*, 89 Miss. 810, 42 South. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431, in so far as the latter case deals with the question here under consideration, are hereby overruled. The refusal of this instruction could not have operated to the prejudice of appellant. The jury were fully instructed on the law of the presumption of innocence and reasonable doubt, and it is hardly possible that any of the jurors selected were not men of sufficient intelligence to know that he must not return a verdict of guilty simply because the other jurors favored doing so.

Affirmed, and Friday, the second day of January, 1914, fixed for the date of execution.

*Affirmed.*