## Speaks. v. State.

(Division B.   Oct. 12, 1931.)

[136 So. 921.   No. 29587.]

R. R. Norquist, of Yazoo City, and Frank E. Everett and Oscar B. Townsend, both of Indianola, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

Argued orally by **Frank E. Everett** and **R. R. Norquist**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General for the state.

**Griffith, J.,** delivered the opinion of the court.

Three persons only were present when the homicide occurred, and thus there are left only two eyewitnesses. One of these, the prosecuting witness, testified that appellant committed the crime, while appellant is equally positive in his testimony that he is entirely innocent of it and that the killing was done by the said prosecuting witness. Much of the additional testimony tends strongly to corroborate the state's principal witness, while there are two features of the evidence, undisputed in both said features, which tend to support the version maintained by appellant. There was presented therefore a case far from plain or conclusive, far from being one in which the verdict of guilty would inevitably follow.

In that state of case the court refused the following instruction requested by appellant: ''The court instructs

the jury that it is the duty of each and every juror on the panel to make up his own verdict for himself, and to be governed by his own judgment and conscience alone after conferring with his fellow jurors, and if any single juror on this panel after conferring with his fellow jurors is not satisfied by the evidence to a moral certainty of the guilt of the defendant, then it is the sworn duty of the said juror to vote not guilty, and never to yield his judgment but firmly stand by it so long as he is not satisfied beyond a reasonable doubt of the defendant's guilt even though every other juror on the panel disagree with him.''

Whatever may be thought or argued upon the merits of this instruction, whether it be thought to announce only a truism fully understood by every juror in this enlightened day without the necessity of any express instruction by the court, or whether, on the other hand, it be deemed wiser to preserve the right to the instruction so as to prevent the control of the verdict by two or three dominant characters who may happen to be on a jury, it is enough to say at this time that the question has been settled by our former decisions, Lawson v. State, 87 Miss. 562, 40 So. 325; Ammons v. State, 89 Miss. 369, 42 So. 165; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431, and Thomas v. State, 103 Miss. 800, 60 So. 781, to the effect that where there is a serious conflict in the evidence upon the ultimate issue of the defendant's guilt, it is reversible error to refuse the quoted instruction. See particularly the Ammons case, supra.

There is another point urged, as to which we incline to the opinion that there was error; but as that defect will probably not recur in the next trial of the case, we will not further discuss it.

Reversed and remanded.