EASTER *v.* STATE.

(In Banc.   Oct. 13, 1941.)

[4 So. (2d) 227.   No. 34716.]

Lee & Lee, of Forest, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

Argued orally by **Roy N. Lee**, for appellant, and by **R. O. Arrington**, Assistant Attorney-General, for the State.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a conviction of manslaughter. The appellant is alleged to have been operating an automobile at a high and dangerous rate of speed, traveling east on U. S. Highway No. 80 at night, when he ran into the rear end of a car in which the deceased was riding. The testimony on behalf of the state was to the effect that the car in which the deceased was riding was proceeding east on the south side of the highway at about thirty-five or forty miles per hour when it was struck on the right rear end in such a manner as to drive the trunk and rear seat forward with such force as to seriously injure the deceased and his companion who were riding on the rear seat, and to cause the car to skid on the pavement a distance of approximately seventy-five yards before turning off the highway to the right; that the appellant's car proceeded a distance of approximately ninety yards after the impact before turning off the highway to the left; and that the skid marks of both cars were left plainly visible on the south of the center line of the pavement for these approximate distances. On behalf of the appellant the testimony disclosed that when he first observed the other car in front of him some 100 feet away, it was on the north or left side of the road going east; that it turned toward and entered onto the south portion of the highway before being struck by the appellant's automobile; and that the appellant was not then driving in excess of forty or forty-five miles per hour.

It also appears from the testimony on behalf of the state that the occupants of the car in which the deceased was riding were passing a residence at which they intended to get another passenger, and had decided to proceed a short distance further so as to turn their car around when the accident occurred. In view of the ser-

ious conflict in the testimony both as to the rate of speed of the appellant's car and the position of the other car on the highway when it was being overtaken, the appellant was entitled to the instruction requested by him, and which was refused by the trial court, in the following words: "The Court instructs the jury for the defendant that it is the duty of each and every member of the jury in this case to decide the issues presented for himself, and if, after consideration of all the evidence in the case and the instructions of the court on the law, and from consultation with his fellow-jurors, there is a single juror who has a reasonable doubt of defendant's guilt, it is his duty, under his oath, to stand by his conviction and favor a verdict of not guilty so long as he entertains such doubt." Lawson v. State, 87 Miss. 562, 40 So. 325; Ammons v. State, 89 Miss. 369, 42 So. 165; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431; Thomas v. State, 103 Miss. 800, 60 So. 781; Speaks v. State, 161 Miss. 334, 136 So. 921; Millette v. State, 167 Miss. 172, 148 So. 788.

These cases clearly hold that where there is a serious conflict in the evidence on the ultimate issue of the defendant's guilt, it is reversible error to refuse the quoted instruction. To say that there was no serious conflict in the evidence in the case at bar, it would be necessary to ignore the testimony offered by the appellant; and this we cannot do.

It is true that the cases of Ammons v. State and Bell v. State, supra, were expressly overruled, insofar as the particular question here involved is concerned, by the later case of Walford v. State, 106 Miss. 19, 63 So. 316; but the principle announced in those two overruled cases was reaffirmed by the Court in the more recent cases of Speaks v. State and Millette v. State, supra, without any reference having been made to the Walford case, doubtless due to the fact that the Walford case was not called to the attention of the Court. At any rate, after a consideration of all these previous decisions of the Court,

we have reached the conclusion that the rule announced in the Speaks and Millette cases, and the decisions cited in the Speaks case, should be adhered to as stating the correct rule. Having so decided, we deem it unnecessary to undertake to analyze the instruction involved in the Walford case as compared with those involved in the other cases.

The only other error assigned is that the appellant should have been granted a peremptory instruction, but we are of the opinion that under all the facts and circumstances it was a question for the jury to decide as to whether the death of the deceased was the result of culpable negligence on the part of the appellant, as defined in the case of Gregory v. State, 152 Miss. 133, 118 So. 906, and the authorities therein cited.

Reversed and remanded.

DISSENTING OPINION.

**Alexander, J.,** delivered a dissenting opinion.

A disaffection for the instruction involved and the uses to which it is too often put, lead me to make record of my disapproval of its form. The instruction has, in recognition of its dominant influence, been properly denominated "the sinker instruction." Its acceptance in this state in its present form undoubtedly originated in Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431, where, although the instruction there considered stressed merely the need of unanimity, a discussion by the Court emphasizing this need made an elaboration which involved the duty of jurors to seek unanimity without coercion or unreasoning compromise. This language was subsequently borrowed for the construction of revised editions of the instruction and shifted the emphasis from the need for agreement to an invitation to disagreement. We have frequently indicated the impropriety and unwisdom of transplanting the verbiage of opinions into instructions to juries. Alabama Great Southern R. R. v. Daniell, 108 Miss. 358, 66 So. 730.

It is quite true that jurors should not violate their oaths by voting any convictions save their own. There are other duties also that should be well understood by competent and intelligent jurors, which it is the privilege and the duty of counsel to emphasize in their arguments. Indeed it is the fact that they may do so without the sanction of a written instruction which demonstrates that at best it is but advisory and its allowance within the discretion of the Court. Since counsel are free to make the implications of the instruction the basis of the argument without the authority therefor in the Court's instruction, the right to demand the written sanction of the Court to this end is shown not to exist. Its effect is to enlist the Court upon the side of the defendant by supplementing his counsel's argument with a judicial admonition. It is indeed desirable that juries in criminal cases be reminded that their verdict must be unanimous. To go further and instruct them as to the ramifications to which this principle may lead is to invade a domain sacred to the jury. Their reasoning powers and their methods of deliberation ought not to be coerced nor should the Court "put the jury's process of reasoning into a mental straight jacket." Hartley v. State, 161 Miss. 667, 137 So. 518, 519. The granting of this form of the instruction assumes an inability of the jurors to appreciate the obligation of their oaths and the probability of defection from duty. Such fears may be disclosed by argument of counsel but ought not to be expressed by the Court. The defendant is entitled to a fair trial and a test of fairness could well be that the instruction stated an obvious truth or principle which would be equally available to both parties. Yet, in conformity with the viewpoint which habitually regards it as an advantage available to the defendant, intimations have already been made that the state is not entitled to it. Gee v. State, 183 Miss. 697, 185 So. 203. If it contained merely the reminder that all jurors must agree before a verdict can be rendered it would most certainly be available to either

party. If the familiar invitation to disagreement is added it thereafter is denied to the state. The implications of this situation ought to be obvious to the bench even as it is to the bar.

The necessity for consultation was stressed in the Cartee case. Cartee v. State, 162 Miss. 263, 139 So. 618. Yet since this is but a means to the end that a just and unanimous verdict be reached, the accent should be placed upon this end rather than upon the means. Yet could anyone be so hopeful as to expect an instruction which admonished the jury that, if they disagreed, they should continue to consult, rather than that if after consultation they disagreed they should persist in disagreement? Or that, if after consultation the conviction of any juror should undergo a change, it is his duty to alter his views to conform with the eleven? If it is his duty to hold tenaciously to his opinion once formed, it should be his duty likewise to change it as often as a fluctuating judgment requires. Although it is his duty to surrender a minority view to conform to an altered conviction, such a suggestion is carefully avoided. The state also is entitled to a fair trial. This instruction superficially viewed admonishes adherence to honest convictions; analyzed in the light of experience and of its frequent purpose (innocently overlooked by trial courts), it cultivates an obstinacy by which a false pride of opinion forever locks the door of reason.

This Court has on several occasions rejected instructions which, although when carefully analyzed, were found to be technically true, but which were so involved in their language as to invite misconstruction by the jury. Jurors should not of course yield honest convictions save to better reason, yet such truism is open to full comment by defendant's counsel who should not be heard to complain that the Court did not see fit to reinforce such argument with so far-reaching an expression of its endorsement.

Nor do I think the matter has been finally settled by

this Court. The decisions which have canvassed this matter are Lawson v. State, 87 Miss. 562, 40 So. 325; Ammons v. State, 89 Miss. 369, 42 So. 165; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431; Thomas v. State, 103 Miss. 800, 60 So. 781; Walford v. State, 106 Miss. 19, 63 So. 316; Speaks v. State, 161 Miss. 334, 136 So. 921; Cartee v. State, 162 Miss. 263, 139 So. 618; and Millette v. State, 167 Miss. 172, 148 So. 788. In the Lawson, Thomas and Cartee cases its refusal was held not to be error. The Millette case was based squarely upon the Speaks case and the latter case was rested upon the Ammons and Bell cases, both of which were specifically overruled by the Walford case. It is true that, in some of the cases holding that the instruction was properly refused, some consideration was given to the circumstance that the evidence disclosed undoubted guilt. Yet the merit of and the right to an instruction should not be appraised in terms of the evidence but of the law. An instruction is either good or bad according as it states a valid legal principle or right. If there are cases where the propriety of an instruction is dependent upon the strength or nature of the state's proof it is thereby shown to be merely advisory and hence within the discretion of the trial court. If it is misleading or apt to be mischievous in its effect it is bad and never justified. These views are elaborated with less restraint in Miss. Law Journal, Vol. XII, at p. 269. The form of the instruction should be limited to the legal requirement of unanimity without excursion into the moral duties resident in the conscience of the jurors nor into the possibilities incident to corruption. I see no reason to assume that any such corruption exhibited itself because unrestrained by the instruction nor that its allowance would have thwarted it had it existed.

I am authorized by **Smith, C. J.**, to say that he concurs in this opinion.