BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County for the crime of armed robbery and sentenced to serve a term of thirty years in the State Department of Corrections. He appeals and assigns the following errors:
1. The lower court erred in overruling the appellant’s motion for a directed verdict of not guilty on the grounds that the state had failed to prove that a deadly weapon had been used in the robbery in question.
2. The lower court erred in refusing defendant’s requested jury instruction No. 13.
3. The verdict of the jury was contrary to the great weight of the evidence.
Early in the morning of February 1,1977, two young black males committed the alleged offense of armed robbery at the Holy Ghost Catholic School in Jackson, Mississippi. On that morning as the students were brought to school tuition money was collected and carried to the office. Present in the office and counting the money were Sister Leonette Kaluzny and a secretary, Mrs. Jean Garner. About 8:40 A.M. two persons entered the office and made inquiry as to whether the school had any vacancies in certain grades. They received a negative reply and left. Shortly thereafter, the same two pérsons returned; one, identified as the appellant as later discussed, exhibited a hand gun and demanded money. He and Sister Kaluzny, according to her testimony and the testimony of Mrs. Garner, had a brief tussle with the money bag, with the tussle being won by the person identified as the appellant. The second intruder took charge of the money box on Mrs. Garner’s desk and picked up other items, including some envelopes. The two persons escaped with approximately $2,000 in cash and checks.
The police were called and it was ascertained that two persons who probably were the offenders had left the vicinity of the school in a black and gray Buick automobile with two long antennas on the rear thereof.
On March 17, 1977, appellant was arrested on a Jackson street while driving a vehicle similar to that described immediately after the robbery. Sister Kaluzny identified the appellant at a line-up. She also positively identified him at the trial of the case as the person who had the gun and tussled with her over the money bag. Mrs. Garner positively identified appellant at the trial. Neither of the robbers were masked. The two ladies testified that appellant had some type of limp and had gold on his front teeth.
Appellant’s defense was an alibi. He contended that he went to work in Clinton early on the morning of February 1, and worked there all day with one James Gibbs. Witness Gibbs testified in verification of this contention.
Appellant’s wife testified that appellant’s car allegedly used in the robbery was in the driveway of the home on the morning of February 1, and that she went to work in it to begin the three o’clock P.M. shift at the University Medical Center. Appellant testified that the gold was not placed in his front teeth until after February 1.
*240 On rebuttal, the state presented witness Doris Reeves, a medical secretary at University Medical Center who was in charge of the payroll of employees, including appellant’s wife, Julia Minor. She testified that the records showed that Mrs. Minor clocked in for work at 7:54 A.M. on the morning of February 1. On rebuttal the State also introduced Dr. Mavis Jones, a dentist who did the dental work for appellant, and she testified that the work was completed and the gold placed on his front teeth by January 21, and that was the last date she had performed any work on appellant.
Appellant presents the argument that the state did not prove appellant guilty of armed robbery, “as it was not proven that appellant was ‘armed’ with a deadly weapon.” The complete answer to this contention is that both witnesses positively stated that appellant had a pistol in his hand. They could not identify the type of gun, whether it was loaded or not, or anything but the fact that the money was secured because the pistol was in appellant’s hand. The ladies testified positively that they were put in fear of immediate injury to their persons by the exhibition of the pistol, and this clearly satisfied the requirements of the statute under which appellant was convicted.
Instruction No. 13 requested by appellant and refused by the court is as follows:
The court instructs the jury that flight of the accused shortly after commission of a crime may be considered as circumstantial evidence of a defendant’s guilt; and by the same token failure of defendant to fly or run after he knows a crime has been committed and after he knows he is suspected may be considered as circumstantial evidence of his innocence.
Appellant relies on the case of Bell v. State, 89 Miss. 810, 42 So. 542 (1906). There the accused notified the sheriff the day after the night of the alleged crime and went to the sheriff’s office and voluntarily surrendered. In the present case, the evidence shows that appellant did “fly” from the immediate vicinity of the robbery. The unique contention is made that as he did not “fly or run” from the city and was arrested six weeks later the court should have given the above instruction. We find no merit in this contention. The situation was entirely different from that in Bell, supra.
A careful study of the record reveals that the jury had ample evidence on which to find appellant guilty of the armed robbery. His identification was positive by the two principal witnesses and there was sufficient contradiction of the alibi defense to submit all questions to the jury. No reversible error is present and the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.