# Burks *v.* The State.

### Indictment for Carrying Concealed Weapons.

1. *Proof of venue ; general affirmative charge.*—In a criminal case, when the bill of exceptions purports to set out all the evidence, and does not show that the venue was proved, the defendant is entitled to the general affirmative charge in his favor ; and its refusal is reversible error.

2. *Trial and its incidents ; permitting witness placed under rule to testify within the discretion of the trial court.*—It is within the sound discretion of the trial court to permit one who, after having

[Burks v. The State.]

been put under the rule, remained within the hearing of the trial, to testify as a witness therein; and the exercise of this discretion is not reviewable on appeal.

APPEAL from the County Court of Tallapoosa.

Tried before the Hon. R. A. J. CUMBEE.

The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

DOWDELL, J.—The appellant was tried and convicted in the county court of Tallapoosa county on an indictment for carrying a pistol concealed about his person. The bill of exceptions recites that it contains all of the evidence given on the trial. Upon a careful consideration we fail to find any proof of venue—that the offense was committed in Tallapoosa county. The court below, therefore, erred in the refusal to give the general affirmative charge as requested in writing by the defendant.—*Bailey v. State,* 116 Ala. 437; *Brown v. State,* 100 Ala. 92; *Randolph v. State, Ib.* 139; *Justice v. State,* 99 Ala. 180.

There is nothing in the exception reserved to the ruling of the court in permitting the witness Phillips to be recalled to testify, because he had remained within hearing of the trial after the witnesses had been put under the rule. This was a matter resting in the sound discretion of the trial court, and is not subject to review on appeal.

For the error in refusing to give the charge as requested, in writing by the defendant, the judgment of the county court must be reversed and the cause remanded.

Reversed and remanded.