# Lantern *v.* The State.

### *Manslaughter.*

(Decided June 1, 1911. 55 South. 1032.)

1. *Witnesses; Examination; Refreshing Memory.*—It is not error to permit a witness to be reminded of his testimony given before the grand jury for the purpose of refreshing his memory.

[Lantern v. The State.]

2. *Appeal and Error; Review; Questions Presented.*—Where the oral charge was given in substance and the propriety of giving it depended on the connection in which it was given, and the other parts of the oral charge are not set out, this court on appeal will not hold the giving of such charge error.

3. *Same; Record; Evidence; Venue.*—Where the bill of exceptions purports to set out all the evidence and fails to show proof of venue the appellate court must presume that no venue was shown and that the defendant was entitled to the affirmative charge.

4. *Charge of Court; Assuming Facts.*—A charge, "now as to flight, I charge you that flight is a circumstance of guilt which you ..ay consider along with other evidence" assumed that there was a flight, and was, hence, erroneous.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Wyatt Lantern was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

MATTHEWS & MATTHEWS, for appellant. The charge on flight assumed that there was a flight, and its giving was erroneous.—71 Ala. 17. The court erred in refusing charge A.—*Fantroy v. The State,* 51 So. 931. A careful examination of the record fails to disclose any proof of venue.—*Childs v. The State,* 55 Ala. 30. The record purports to contain all the evidence, and for want of proof of venue the defendant is entitled to the affirmative charge as requested in writing by him.—*Childs v. The State, supra; Brown v. The State,* 27 Ala. 47; *Huffman v. The State,* 28 Ala. 48; 70 Ala. 33.

ALEXANDER M. GARBER, Attorney General, for the State. There was no error in permitting the witness's memory to be refreshed.—*Thompson v. The State,* 93 Ala. 173. Charge A was properly refused.—*Whatley v. The State,* 91 Ala. 111. There was sufficient evidence to authorize the jury to find the venue of the offense.—*Huggins v. The State,* 41 Ala. 393. The bill of exceptions states that it contains substantially all the evidence, and the court will presume under such a state of

facts that there was evidence of venue.—*Herbert v. The State,* 72 Ala. 164.

PER CURIAM.—The appellant was convicted of manslaughter in the first degree.

There was no error in overruling the objection to the question by the state to the witness Silas Moore, "Didn't you swear before the grand jury that you saw blood on Ike Harris' coat, and holes in his coat?"—*Thompson v. State,* 99 Ala. 173, 13 South. 53.

That part of the oral charge to the effect that, "in order to entitle the defendant to plead self-defense, the wife must have been free from fault in bringing on the difficulty," asserts a correct proposition of law, in a case where the defendant claims that he killed the deceased in defending an assault made on another. As to whether it was proper in this case would depend upon the connection in which it was used, and as the rest of the oral charge is not given we cannot say that the court erred in giving it.—*Bostic v. State,* 94 Ala. 45, 10 South. 602; *Sherrill v. State,* 138 Ala. 3, 35 South. 129.

The court, in its oral charge, stated to the jury: "Now as to flight, I charge you that flight is a circumstance of guilt which you may take and consider along with the other evidence in the case in arriving at a verdict." In this there was error, as it was equivalent to charging the jury that there was flight in the case, which the evidence does not justify.

Charge A was properly refused, as it did not state that the wife was in imminent peril of great bodily harm, or that retreat would be unavailing.

The general charge was requested by the defendant, and the bill of exceptions does not show that the venue was proved. It has been frequently held by the Supreme Court that, where the bill of exceptions purports

[Lantern v. The State.]

to set out all the evidence, and fails to show that the venue was proved, the defendant is entitled to the general charge.—*Childs v. State,* 55 Ala. 28, 30; *Justice v. State,* 99 Ala. 180, 181, 13 South. 658; *Randolph v. State,* 100 Ala. 139, 141, 14 South. 792; *Stone v. State,* 105 Ala. 61, 70, 17 South. 114; *Bailey v. State,* 116 Ala. 437, 22 South. 918; *Burks v. State,* 120 Ala. 386, 387, 24 South. 931. The case of *Hubbard v. State,* 72 Ala. 164, 169, is not based on the fact that the bill of exceptions stated only that it contained "substantially" all of the evidence, but only on the ground that no charge was requested, calling upon the court to pass upon the sufficiency of the evidence. The court said: "If there had been an instruction given or refused involving an inquiry into the sufficiency of the evidence to authorize a conviction, the omission of evidence would have compelled a reversal of the judgment." And in *Randolph's Case, supra,* the recital was that the "bill contained substantially all of the evidence." It results that the court erred in refusing to give the general charge requested by the defendant.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Mr. Justice Simpson, of the Supreme Court, before the transfer to this court, and was adopted by this court.