## GREEN v. STATE.  (6 Div. 161.)

(Court of Appeals of Alabama.  May 15, 1923.)

**1. Rape ⬤➡48(2)—Making of complaint, omitting details, admissible in corroboration of prosecuting witness.**

In prosecutions for rape, the state may show in corroboration of the testimony of the assaulted female that she, shortly after the outrage committed on her, made complaint of such occurrence to others; such testimony being limited to the complaint, omitting all details.

**2. Rape ⬤➡44—Undue intimacy between prosecutrix and defendant admissible as to probable consent.**

In a prosecution for rape, acts of undue intimacy between prosecutrix and defendant, on several occasions preceding the alleged rape, not of actual sexual intercourse, but tending to show such intimacy as would lead to a consummation of sexual desires, were admissible as bearing on the probable consent of the woman.

**3. Rape ⬤➡40(1)—General character of prosecutrix for chastity may be impeached by general evidence.**

In rape prosecutions, the general character of prosecutrix for chastity may be impeached; but this must be by general evidence, and not by particular instances, nor as to criminal intimacy with any other person.

**4. Rape ⬤➡46—Appearance of place of offense may be shown, where place identified.**

In a prosecution for rape, where the place of the offense has been identified, the state may show, by witnesses who examined the place shortly after the occurrence, the appearance of the ground, including tracks.

**5. Criminal law ⬤➡758—Instruction that jury must consider defendant's testimony in the light of the fact that he is defendant and interested in the result held error.**

In a prosecution for rape, it was error to charge that defendant's testimony must not be disregarded merely because he is the defendant, but that the jury are to consider it "in the light of the interest he has in the result of the verdict, and in connection with all the other testimony," such charge invaded the province of the jury.

**6. Criminal law ⬤➡723(3)—Remark of solicitor in argument as to responsibility for non-enforcement of law held not reversible error.**

In a prosecution for rape, it was not reversible error to refuse to exclude a remark of the solicitor in argument that, "if the law is not enforced in this county, don't blame me; it is you."

**7. Criminal law ⬤➡798(1)—Instruction as to reasonable doubt improperly refused.**

In a prosecution for rape, it was error to refuse to charge that each juror "is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant; that before you can convict this defendant the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt; and if, after a consideration of all the evidence, a single juror has a reasonable doubt of. defendant's guilt, then you cannot find defendant guilty."

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Joseph Green was convicted of rape, and he appeals.  Reversed and remanded.

In the course of his argument to the jury, the solicitor said:

"If the law is not enforced in this county, don't blame me; it is you."

Charge 6, refused to defendant, is as follows:

"The court charges the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant; that before you can convict this defendant the evidence must be so strong that it convinces each juror of defendant's guilt. beyond all reasonable doubt; and if, after a consideration of all the evidence, a single juror has a reasonable doubt of the defendant's guilt, then you cannot find the defendant guilty."

Russell & Johnson, of Oneonta, for appellant.

The character of the prosecutrix and her former relations with defendant may be shown on the question of consent.  McQuirk v. State, 84 Ala. 435; 4 South. 775, 5 Am. St. Rep. 381; Boddie v. State, 52 Ala. 395.  The court is not authorized to charge on the effect of evidence without a request to do so.  Adams v. State, 16 Ala. App. 93, 75 South. 641; Swain v. State, 8 Ala. App. 26, 62 South. 446; Tucker v. State, 167 Ala. 1, 52 South. 464.  The refusal of charge 6 was error.  Bones v. State, 117 Ala. 138, 23 South. 138; Doty v. State, 9 Ala. App. 21, 64 South. 170; Bell v. State, 89 Miss. 810, 42 South. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.  The evidence for the state makes out a case of rape, but it will not be necessary to make a statement of the facts, further than will hereinafter appear.  Nor will it be necessary to specifically note each exception reserved on the trial.  The appellant

---

in his brief filed has pointed out such rulings of the court as are worthy of serious consideration.

[1] It has long been the law, and many times decided by this court and the Supreme Court, that, in prosecutions for rape, the state may show, in corroboration of the testimony of the assaulted female, that she, shortly after outrage committed upon her, made complaint of such occurrence to others; such testimony being limited to the complaint, omitting all details. This testimony is admissible on the theory that, when an outrage has been committed on a woman, the instincts of her nature prompt her to make her wrongs known, and to seek sympathy and assistance. Being the result of the natural impulse, if not too long delayed, is in a sense a part of the res gestæ. Posey v. State, 143 Ala. 54, 38 South. 1019; 22 R. C. L. 1213. But the details of the crime are not admissible as a part of the statement, nor, where the identity is disputed, the identity of the offender. Authorities, supra. In this case, the testimony was confined to the bare complaint, and the several rulings of the court in relation thereto were without error.

[2] The defendant, during the progress of the trial, offered to prove, by various witnesses, acts of undue intimacy between the prosecutrix and defendant on several occasions preceding the alleged rape. These acts were not of actual sexual intercourse, but were of such a nature as tended to show such intimacy between the parties as led to a consummation of sexual desires, and in a prosecution for adultery would undoubtedly have been admissible as tending to establish the necessary agreement between the parties. Being testimony bearing upon the probable consent of the woman at the time of the alleged rape, such evidence should have been admitted. 22 R. C. L. p. 1210, par. 44; Story v. State, 178 Ala. 98, 59 South. 480; McQuirk v. State, 84 Ala. 435, 4 South. 775. 5 Am. St. Rep. 381; Barnes v. State, 88 Ala. 204, 7 South. 38, 16 Am. St. Rep. 48.

[3] The general character of the prosecutrix for chastity may also be impeached; but this must be done by general evidence, and not by particular instances of unchastity, nor as to a criminal intimacy with any other person. Story v. State, 178 Ala. 98, 59 South. 480.

[4] The place at which the rape is alleged to have been committed having been identified, it was competent for the state to prove by witnesses, who examined the place short-

ly after the occurrence, the facts describing the place, including the tracks, and the appearance of the ground. In the case of Barnes v. State, cited as a contra authority, the conclusion is based upon a failure to identify the locus in quo. Roberts v. State, 122 Ala. 47, 25 South. 238.

[5] In the court's oral charge, the defendant excepted to the following:

"He may take the stand and testify, if he chooses, and the law is you are not to capriciously, captiously, set aside or disregard his testimony merely because he is the defendant, but that you are to consider it in the light of the interest he has in the result of your verdict, and in connection with all the other testimony."

The credence to be given to the testimony of the defendant, when he elects to testify, should be left to the jury, unembarrassed and uninfluenced by direct or indirect instructions from the court bearing on its sufficiency. When the trial judge in his charge calls attention to the fact that he is the defendant, and, though testifying, is interested in the result, which fact is to be considered, he invades the province of the jury, who alone must determine the weight and sufficiency of the evidence. The language used in the court's charge on this point in effect charged them that they must consider defendant's testimony in the light of the fact that he was the defendant and interested in the result. The authorities, which need not here be set out, are collated in 4 Mich. Dig. p. 337, par. 509.

[6] The argument of the solicitor, to which exception is addressed, is not such as, from the record, we would be willing to say is reversible error. We adhere to everything said on this subject in Thomas v. State, 18 Ala. App. 268–271, 90 South. 878, but we have not the benefit of the "atmosphere of the trial," as had the presiding judge, and from the cold facts in the record we cannot say that the court erred in refusing to exclude the remark.

[7] Charge 6, requested in writing by the defendant, was held to be good by this court in Doty v. State, 9 Ala. App. 21, 64 South. 170; the opinion being grounded upon the reasoning in Bell v. State, 89 Miss. 810, 42 South. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431. We see no good reason for holding to a contrary view. The charge should have been given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.