(104 So. 771)

**JONES v. STATE.   (6 Div. 474.)**

(Court of Appeals of Alabama.   June 10, 1924. Rehearing Denied July 22, 1924.   Rehearing Granted Jan. 20, 1925.   Further Rehearing Denied Feb. 3, 1925.   Affirmed on Mandate, June 30, 1925.)

**1. Homicide ⬅300(3) — Charge in murder prosecution that, if defendant was free from fault in bringing on difficulty, verdict should be not guilty, held properly refused.**

In murder prosecution, where self-defense was in issue, charge that burden was on state to prove defendant was in fault in bringing on difficulty, and, if there was reasonable inference from all the evidence that defendant was free from fault, verdict should be not guilty, held properly refused, since, even if defendant was free from fault in bringing on difficulty, he would not be guiltless, if he killed deceased without a pressing necessity to protect himself from death or great bodily harm, and not then if he could have avoided the homicide by a retreat which would not apparently have increased his peril.

**2. Criminal law ⬅786(2)—Charge held properly refused as being argumentative.**

Charge in murder prosecution that "there is no law in this state which makes it your duty to consider defendant's evidence in the light of the fact that he is defendant, but you have a right to weigh it as you have other testimony in the case," held properly refused as argumentative.

**3. Criminal law ⬅778(5)—Charge held properly refused as being misleading.**

Charge in murder prosecution, where self-defense was in issue, that "burden of proof does not shift on defendant to raise a reasonable doubt in the minds of the jury that he was free from fault in provoking the difficulty, and

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 654.

that he could not have retreated without increasing his peril," *held* properly refused as misleading.

**4. Homicide ☞300(15)—Charge held properly refused as ignoring doctrine of retreat.**

Charge in murder prosecution, where self-defense was in issue, that "if, at the time the defendant fired the fatal shot, he was in danger of receiving great bodily harm at the hands of the deceased, and the defendant was free from fault in bringing on the difficulty, then he cannot be convicted ———," *held* properly refused as ignoring doctrine of retreat.

**5. Homicide ☞300(15)—Charge held properly refused as ignoring doctrine of retreat.**

Charge in murder prosecution, where self-defense was in issue, that "danger to the life or body of the defendant which would authorize the taking of life, need not be real, but if, taking into consideration the surroundings of the parties at the time, a reasonable man, situated as the defendant was at the time, would entertain the honest belief that such danger existed, * * *" he would have been authorized to take the life of deceased, *held* properly refused as ignoring the doctrine of retreat.

**6. Criminal law ☞829(1)—Charges on rules of law, covered by charges already given, were properly refused.**

Charges in murder trial on rules of law, covered by charges already given, were properly refused.

Affirmance on Mandate.

**7. Criminal law ☞798(1)—Charge permitting each juror to individually determine whether defendant was guilty beyond reasonable doubt held properly refused.**

Charge in murder prosecution that each and every juror was entitled to his own conception as to what constituted reasonable doubt of guilt, and, before they could convict defendant, evidence must be so strong that it convinced each juror beyond a reasonable doubt, and, if a single juror had a reasonable doubt of his guilt, they could not find him guilty, *held* properly refused.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Alonzo Jones was convicted of manslaughter in the first degree, and he appeals. Affirmed. Petition for certiorari dismissed by Supreme Court in Ex parte Jones, 104 So. 774. Certiorari granted by Supreme Court in Ex parte State (Jones v. State), 104 So. 773.

These charges were refused to defendant:

"(1) I charge you, gentlemen of the jury, that the burden is on the state to prove in this case, first, that the defendant was in fault in bringing on the difficulty, and that the defendant took the life of the deceased with a deadly weapon, and, if the state has not proven this beyond a reasonable doubt, then it would be *your duty to find the defendant not guilty.*"

"(16) The court charges you, gentlemen of the jury, in this case the burden of proof does not shift on the defendant to raise a reasonable doubt in your minds that he was free from fault in bringing on the difficulty, if, after hearing all the evidence, there is a reasonable inference from such evidence that the defendant was free from fault in bringing on the difficulty, then you should find the defendant not guilty."

"(2) Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of the guilt of the defendant, and, before you can convict this defendant, the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt, and if, after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty."

"(3) The court charges the jury that there is no law in this state which makes it your duty to consider defendant's evidence in the light of the fact that he is defendant, but you have a right to weigh it as you have other testimony in the case."

"(4) The court charges you, gentlemen of the jury, that in this case the burden of proof does not shift on the defendant to raise a reasonable doubt in the minds of the jury that he was free from fault in provoking the difficulty, and that he could not have retreated without increasing his peril."

"(5) The court charges the jury that if, at the time the defendant fired the fatal shot, he was in danger of receiving great bodily harm at the hands of the deceased, and the defendant was free from fault in bringing on the difficulty, then he cannot be convicted by this jury."

"(6) The court charges the jury that the danger to the life or body of the defendant, which would authorize the taking of life, need not be real, but if, taking into consideration the surroundings of the parties at the time, a reasonable man, situated as the defendant was at the time, would entertain the honest belief that such danger existed, and, if you believe the defendant was impressed with such danger, would be authorized to take the life of the deceased, if the defendant was free from fault in bringing on the difficulty."

Gray & Powell, of Jasper, for appellant.

Charge 2 states a correct proposition of law, and its refusal constituted reversible error. McHan v. State, ante, p. 117, 101 So. 81.

Harwell G. Davis, Atty. Gen., and W. C. Davis, of Jasper, for the State.

Charges 2 and 4 were properly refused. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Pugh v. State, 132 Ala. 1, 31 So. 727.

SAMFORD, J. The issues in this case appear to have centered more on the question of undue familiarity of the deceased with the wife of defendant than upon the main question of the guilt or innocence of the defendant as to the offense charged. The facts incident to the homicide are few and briefly told. The defendant and his wife had separated, and for some time prior to the homicide had lived apart. The deceased was, and

had been for a long time, the family physician of defendant and his wife, had treated her for a miscarriage, and had visited her at her home, and she had visited the deceased at his office. The evidence for the state tending to prove that these visits and attentions were purely professional, and that for defendant tending to show, though not directly, an improper relation. Defendant had, before the separation, remonstrated with his wife for visiting the deceased in his office, to no avail. Some four hours before the homicide, defendant armed himself with a pistol, went to the office of deceased in the daytime, while his wife was there, waited in the hall near the door of the office—the door being open—and, when deceased came into the hall, defendant fired three shots at him from the pistol. One of these shots produced a mortal wound, from which deceased died in a short while. When the deceased came into the hall he had in his hand a hatchet, the state's evidence tending to show that with this hatchet deceased was preparing to cut some kindling wood, with which to make a fire. The defendant's evidence tended to show that, when deceased saw defendant standing in the hall, he raised the hatchet as if to strike defendant, and defendant shot in order to prevent the loss of life or receiving great bodily harm.

The rulings of the court on the admission of evidence are so clearly free from error as not to merit a detailed discussion or the citation of authority. Besides, no exception is properly reserved. After each ruling of the court is noted, "The defendant then and there duly accepted." While it is possible that this might be held to be a clerical error, no exception is in fact reserved.

[1] Charges 1 and 16 are bad. Even if the defendant was free from fault in bringing on the difficulty, he would not be guiltless, if he killed deceased without a pressing necessity to do so in order to protect himself from death or great bodily harm and not then if he could have avoided the taking of life by a retreat which would not apparently have increased his peril. Cooke v. State, 18 Ala. App. 416, 93 So. 86.

[2] Charges 2 and 3 are argumentative.

[3] Charge 4 is misleading.

[4, 5] Charges 5 and 6 ignore the doctrine of retreat.

[6] Charges 6A, 10, and 17 were amply covered by the court in its oral charge, and charges given at defendant's request.

Charge 10A is misleading in its tendencies. The correct rule of self-defense, including freedom from fault, impending peril, and the doctrine of retreat, are all compassed in 10A. These rules of law had been fully covered by the court in both the oral and the given written charges.

The refusal of the other charges have so often been passed on and held to be bad, we do not here do more than approve the trial court's action.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. This case was affirmed by this court on June 10, 1924. On June 25, 1924, application for rehearing was made, and on July 22d, at an adjourned term of this court, the application was overruled. On September 2, 1924, and while this court was still in adjourned session, the court ex mero motu, ordered the cause restored to the rehearing docket for further consideration of charge 2, refused to defendant on the trial in the circuit court. Petition for certiorari was applied for to the Supreme Court upon the overruling by this court of appellant's application for rehearing, which application was denied by the Supreme Court on October 6, 1924. 104 So. 774.

It is but fair to this court and to the Supreme Court to say that, neither in the original submission, nor in the application for rehearing, was the court's especial attention directed to the authorities controlling the proposition of law set out in refused charge 2, which we now proceed to consider.

Charge 2, refused to defendant, was held to be a good charge and its refusal to constitute reversible error in Mitchell's Case, 129 Ala. 26, headnote 17, 30 So. 348; McHan's Case, 20 Ala. App. 117, 101 So. 81; Green's Case, 19 Ala. App. 239, 96 So. 651; Doty's Case, 9 Ala. App. 21; Bell's Case, 89 Miss. 810, 42 So. 542, 11 Ann. Cas. 431, 119 Am. St. Rep. 722. This court, in McKenzie's Case, 19 Ala. App. 319, 97 So. 155, held a similar charge, there reported as charge G to be bad; and in the instant case on certiorari the Supreme Court (Ex parte State, etc., In re Jones, 104 So. 774) is in agreement with our holding in the McKenzie Case. After a consideration of these various decisions, the charge is held to be bad.

SAMFORD, J., is of the opinion that the principle of law embodied in refused charge 2 is substantially covered in given charge 14, but as to this the other members of the court hold that such is not the case, and that the cause should be reversed.

### Affirmance on Mandate.

PER CURIAM. [7] The opinion of this court on rehearing has been revised to meet the decision of the Supreme Court (Ex parte State ex rel. Atty. Gen., in re State v. Jones, 104 So. 773), and, in accordance with its judgment, the judgment of the circuit court is affirmed.

Affirmed.