(101 So. 355)

### MARKER v. STATE.   (7 Div. 990.)

(Court of Appeals of Alabama.   Sept. 2, 1924.)

**1. Jury ☞90—Challenge for cause of father of coindictee of defendant properly sustained.**

State's challenge for cause, of juror who was father of one indicted with defendant for same offense, at same time, was properly permitted.

**2. Criminal law ☞1169(1)—Testimony concerning certain matter held harmless to defendant, conceding that it was res inter alios acta.**

In prosecution for possessing a still, permitting coindictee, on cross-examination to testify that he did not know how third person, whom he had testified accompanied him to still, instead of defendant, knew still would be there, but guessed it belonged to him, *held* harmless to defendant, conceding that it was res inter alios acta.

**3. Witnesses ☞270(2)—Permitting on cross-examination testimony as to certain matter, claimed to be res inter alios acta, held not abuse of discretion.**

In liquor prosecution, permitting on cross-examination of defendant's witness certain testimony as to source of knowledge of third person concerning location of still, claimed to be res inter alios acta, *held* not abuse of discretion.

**4. Criminal law ☞1038(4)—Failure to grant verbal request for instruction held not cause for reversal.**

Failure to grant defendant's verbal request to limit effect of certain testimony *held* not cause for reversal, in view of Acts 1915, p. 815, providing that requests must be in writing.

**5. Criminal law ☞829(1)—Refusal of charges, covered by given charges, held not error.**

Refusal of charges, fully covered by other charges given at defendant's request, *held* not error.

**6. Criminal law ☞807(1)—Argumentative charges are properly refused.**

Argumentative charges are refused without error.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Holloway Marker was convicted of violating the prohibition law, and appeals. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

Counsel argue the points raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, without citing authorities.

FOSTER, J.   The indictment charged the defendant, in the first count, with distilling, and in the second count, with possessing a still, etc.

[1] The court permitted the state to challenge for cause the juror Herring; it appearing that the juror was the father of Van Herring, indicted for the same offense, at the same time, with the defendant, Marker. There was no error committed in this. Louis Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91

South. 779, secs. 4635 and 7276, Code 1907; Beatty v. Palmer, 196 Ala. 67, 71 South. 422; Citizens' Co. v. Lee, 182 Ala. 561, 62 South. 199.

[2, 3] On the cross-examination of the defendant's witness Van Herring, indicted for the same offense, the solicitor was permitted to ask him:

"How did John (referring to John Bowman) come to know that that still was going to be over there that night, if you know Mr. Herring?"

The witness had testified on direct examination that John Bowman was the man with him, and not Holloway Marker, and answering the quoted question he said:

"I don't know, I guess it belonged to him, he told me it was going to be over there."

If it be conceded that this was res inter alios acta, still it was harmless to the defendant. It was on cross examination also, and was not an abuse of the court's discretion.

[4] Defendant's counsel verbally requested the court to instruct the jury that certain testimony could be considered for the purpose only of affecting the credibility of the witness Van Herring, and the court replied that it would do so later, as it wished the jury to get its charge as a whole.

Referring to the oral charge of the court, it appears that the court charged as to the credibility of witnesses, and the effect of contradictions, but without specific reference to the testimony referred to.

But the defendant can take nothing by this since the request was not in writing, and charges, other than the court's oral charge, to be available to reversal, must be in writing, submitted to the court, and given or refused in the terms in which requested. Acts 1915, p. 815.

[5, 6] There was ample evidence to support a conviction, and the court properly refused to direct a verdict for the defendant. The other charges refused to the defendant were fully covered by requested charges given at defendant's request, or they were argumentative, and therefore refused without error.

Affirmed.