(104 So. 773)

### Ex parte STATE ex rel. ATTORNEY GENERAL.

### JONES v. STATE.

### (6 Div. 380.)

(Supreme Court of Alabama. May 7, 1925. Rehearing Denied June 25, 1925.)

Criminal law ⊂⊃798(1) — Charge, permitting each juror to individually determine whether defendant was guilty, held properly refused.

Charge, in murder prosecution, that each and every juror was entitled to his own conception as to what constituted reasonable doubt of guilt, and, before they could convict defendant, evidence must be so strong that it convinced each juror beyond a reasonable doubt, and, if a single juror had a reasonable doubt of his guilt, they could not find him guilty, held properly refused, as laying too great stress on individual views of jurors, thus tending to discourage free consultation after jury of twelve may be expected to reach an agreement, and as permitting each juror to define reasonable doubt according to his individual view.

Certiorari to Court of Appeals.

Petition of the State of Alabama, on the relation of its Attorney General, for certio-

rari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of Alonzo Jones v. State, 20 Ala. App. 660, 104 So. 771. Writ granted, reversed and remanded.

See, also, post, p. 391, 104 So. 774.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Charge 2 is not a correct statement of law, and was properly refused. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; 1 Mayfield's Dig. 177.

Gray & Powell, of Jasper, opposed.

The refusal of charge 2 constituted reversible error. Green v. State, 19 Ala. App. 239, 96 So. 651; McHan v. State, 20 Ala. App. 117, 101 So. 81; Bell v. State, 89 Miss. 810, 42 So. 542, 11 Ann. Cas. 431, 119 Am. St. Rep. 722.

SAYRE, J. On the trial of an indictment for murder, the court refused the following special instruction, requested by defendant:

"Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of the guilt of the defendant, and, before you can convict this defendant, the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt, and if, after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty."

The Court of Appeals was of opinion that the refusal of this charge constituted reversible error. Our judgment is that the charge was properly refused for two separate reasons: (1) It lays too great stress on the individual views of jurors, thus tending strongly to discourage that free consultation after which a jury of twelve may be expected to reach an agreement on matters severely contested; and (2) it permits each juror to define a reasonable doubt according to his individual, it may be idiosyncratic, view, whereas the definition of reasonable doubt, to what extent it may require or admit of definition, is a matter for the court.

Writ of certiorari granted; judgment reversed; cause remanded to the Court of Appeals, for further consideration in agreement with this opinion.

Reversed and remanded.

All the Justices concur.