(106 So. 685)

## SHAW v. STATE. (8 Div. 328.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Criminal law ⊜451(3)—Testimony that another appeared nervous or excited held permissible.**

It is permissible for one to testify that another appeared nervous or excited.

**2. Criminal law ⊜1170(4)—Refusal to permit asking of question already answered held not error.**

In prosecution for carnal knowledge of a girl under 12, where witness had just testified that she told one H. that defendant kidnapped one M., refusal to permit defendant on cross-examination to ask witness whether she told H. of kidnapping was not error, and as to when witness was again at H.'s office was immaterial.

**3. Rape ⊜40(5)—Whether girl jumped on defendant's car on former occasion held irrelevant.**

In prosecution for carnal knowledge of a girl under 12, whether girl had on a former occasion "jumped on defendant's car" was not relevant.

**4. Criminal law ⊜479—Where testimony does not require expert, witness need not qualify.**

In prosecution for carnal knowledge of a girl under 12, where testimony of lacerations of the parts did not call for testimony of an expert, such testimony was admissible without witness having to qualify.

**5. Criminal law ⊜798(1)—Charge that each juror was entitled to own conviction as to what constituted reasonable doubt held properly refused.**

In prosecution for carnal knowledge of a girl under 12, requested instruction that each juror was entitled to own conviction as to what constituted reasonable doubt, and to find not guilty if any one juror had reasonable doubt, *held* properly refused.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Otto Shaw was convicted of having carnal knowledge of a girl under 12 years of age, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Shaw v. State, 214 Ala. 117, 106 So. 686.

Charge 2, refused to defendant, is as follows:

"I charge you, gentlemen of the jury, that after you have applied the evidence to the law as the court has given you, each and every one of you are entitled to your own conviction as to what constitutes a reasonable doubt, and if, after you have considered all the evidence in the light of the law given you by the court, any single one of you have a reasonable doubt as to the defendant's guilt, you will find the defendant not guilty."

---

Geo. E. Barnett and H. A. Bradshaw, both of Florence, for appellant.

The question asking the witness whether prosecutrix appeared to be nervous and excited called for an opinion, and invaded the province of the jury. Gassenheimer v. State, 52 Ala. 313. A witness may be questioned on cross-examination as to any matter, to test her character for credibility, her memory, and means of knowledge. Harbin v. State, 19 Ala. App. 623, 99 So. 740; Amos v. State, 96 Ala. 120, 11 So. 424. Evidence that prosecutrix and defendant were frequently in each other's company at about the time of the commission of the offense is admissible to show that opportunity had been had for the commission of the offense, and that it had not been done. Martin v. State, 17 Ala. App. 73, 81 So. 851. A witness should not be permitted to give expert testimony without being first shown to be qualified. Dominick v. Randolph, 124 Ala. 557, 27 So. 481. The refusal of charge 2 constituted reversible error. Doty v. State, 9 Ala. App. 21, 64 So. 170; Green v. State, 19 Ala. App. 239, 96 So. 651; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is permissible for one to testify that another appeared nervous and excited. 4 Michie's Ala. Dig. 210. Testimony as to the condition of the injured party was properly admitted. Ex parte State, 210 Ala. 662, 99 So. 65. Charge 2 was properly refused. Ex parte State, Jones v. State, 213 Ala. 390, 104 So. 773.

SAMFORD, J. [1] It is permissible for one to testify that another appeared nervous or excited. 4 Mich. Dig. p. 210, par. 290 (3).

[2] There can be no reversal predicated upon the rulings of the court in refusing to permit defendant to ask the witness India Baugh on cross-examination, "Do you say you did or did not tell Mr. Hill that Otto Shaw had kidnapped Indiana Morgan?" because this witness had just testified that she had, and as to when the witness was again at Mr. Hill's office was immaterial.

[3] As to whether the little girl had on a former occasion "jumped on defendant's car" was not relevant to the issues here.

[4] The testimony as to lacerations of the parts, by the witness Simpson, did not call for the testimony of an expert, and hence his testimony on this point was admissible without his having to qualify.

[5] Refused charge 2 has been recently condemned in Alonzo Jones v. State, 213 Ala. 390, 104 So. 773.

We find no error in the record, and the judgment is affirmed.

Affirmed.