(107 So. 230)

### BRASHER v. STATE.   (7 Div. 150.)

(Court of Appeals of Alabama.   Feb. 9, 1926.)

**1. Criminal law ⊕789(15).**

Charges, where acquittal is based upon supposition, are condemned.

**2. Criminal law ⊕814(17) — Circumstantial evidence charge held properly refused in other than circumstantial evidence cases, and where not based on consideration of evidence.**

Charge that, no matter how strong the circumstances, if they can be reconciled with theory of some other person having done the act, accused is not shown to be guilty, held properly refused as being only applicable in cases of circumstantial and not then unless based on consideration of the evidence.

**3. Criminal law ⊕814(3)—Abstract charge on duty to acquit, if evidence can be reconciled to theory of innocence, held properly refused.**

Charge that, if one theory in case is consistent with innocence, and the other theory consistent with guilt of some one else, and jury can reconcile evidence by adopting theory consistent with innocence of accused, jury should acquit, held properly refused as being abstract.

**4. Criminal law ⊕768(1)—Charge on duty to acquit, if theory consistent with innocence is supported by evidence, held properly refused as invasive of jury's province.**

Charge that, if there are two theories in case, one consistent with guilt and the other with innocence, and both are supported by evidence, justice and humanity demand adoption by jury of theory consistent with innocence, held properly refused as invasive of province of jury.

**5. Criminal law ⊕798(1)—Charge that each juror must be convinced of guilt beyond all reasonable doubt in order to convict held properly refused.**

Charge that each juror is entitled to his own conception of what constitutes a reasonable doubt of guilt, and that, to convict, evidence must be so strong that each juror is convinced of guilt beyond all reasonable doubt, and to acquit if, after consideration of all evidence, a single juror has a reasonable doubt of guilt, held properly refused.

**6. Criminal law ⊕829(1).**

Charges covered by given charge and by oral charge of court are properly refused.

**7. Criminal law ⊕364(5), 413(1)—Exclamation of accused when he saw still held properly excluded as self-serving declaration and not res gestæ.**

In prosecution for possessing a still, testimony that when accused saw still he exclaimed, "Look yonder, there is a still!" held properly excluded as a self-serving declaration and not a part of the res gestæ.

**8. Intoxicating liquors ⊕226 — Exclusion of testimony as to why one accused of possessing still did not get team on morning of arrest held proper as being irrelevant.**

In prosecution for possessing a still, where defense showed that accused had gone to get a team, and in returning came upon a still, at which he was captured when stopping for a drink of beer, exclusion of testimony as to why he could not get team held proper as being entirely irrelevant.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

M. M. Brasher was convicted of possessing a still, and he appeals. Affirmed.

Frank Brasher, a witness for defendant, testified that he and defendant had gone to one Gilbert's to get a team to move onto his

place, and that in returning came upon the still at which defendant was captured, where they stopped, and witness partook of some of the beer. He further testified that they did not get the team, that Gilbert told them they could not get it; whereupon this question was propounded: "What reason did he give as to why you could not get the team?" The objection by the state to this question was sustained.

The following requested charges were refused to defendant:

"(12) No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof the law requires."

"(14) The court charges the jury that, if there are two theories in this case, and one theory is consistent with the defendant's innocence, and the other theory is consistent with the guilt of some other person, and the jury can reconcile the evidence by. adopting that theory which is consistent with the defendant's innocence, the jury should acquit the defendant by adopting that theory."

"(15) The court charges the jury that, if there are two theories in this case, one theory consistent with the guilt of the defendant, and the other theory equally consistent with his innocence, and both supported by the evidence in this case, justice and humanity alike demand that the jury should adopt that theory which is consistent with the innocence of the defendant."

"(17) The court charges the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant; that, before you can convict this defendant, the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, and, if, after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then. you cannot find defendant guilty."

L. H. Ellis, of Columbiana, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

There was no error in refusal of requested charges. Davis v. State, 98 So. 912, 19 Ala. App. 551. Self-serving declarations are not admissible. Register v. State, 94 So. 778, 19 Ala. App. 11; Henderson v. State, 95 So. 57, 19 Ala. App. 80; Gilbert v. State, 100 So. 566, 20 Ala. App. 28; Conner v. State, 98 So. 482, 19 Ala. App. 444.

SAMFORD, J. [1-6] The written charges requested by defendant were all properly refused as stating incorrect propositions of law, or they were covered by the court's oral charge and the written charges given at the request of defendant. Charges where acquittal is based upon supposition have been condemned. This is true of charge 5. Charge

11 was amply covered by the court's oral charge. Charge 12 is not applicable except in cases of circumstantial evidence, and not then unless based upon a consideration of all the evidence. Charge 14 is abstract. Charge 15 is invasive of the province of the jury. Charge 17 has recently been condemned, both by this court and the Supreme Court. Charge AA was covered by given charge BB and by the oral charge of the court.

[7] Defendant offered to prove that, when defendant saw the still, he exclaimed, "Look yonder, there is a still!" This was not a part of the res gestæ and was a self-serving declaration. The evidence was not admissible. Henderson v. State, 95 So. 57, 19 Ala. App. 80; Connor v. State, 98 So. 482, 19 Ala. App. 444.

[8] That the defendant and his brother failed to get a team from one Gilbert on the morning of their arrest is entirely irrelevant.

We find no error in the record, and the judgment is affirmed.

Affirmed.