(109 So. 521)

**LATHEM v. STATE.   (7 Div. 172.)**

(Court of Appeals of Alabama.   June 29, 1926.   Rehearing Denied Aug. 31, 1926.)

**1. Intoxicating liquors ⬥167.**

If defendant was assisting at still either as owner, hireling, or gratuitously he was guilty of manufacturing either as "principal" or as "accomplice," which is the same thing, under Code 1923, § 3196.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice; Principal.]

**2. Criminal law ⬥798(1).**

Charge that each juror was entitled to his own conception of what constituted reasonable doubt *held* properly refused.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

H. H. Lathem was convicted of manufacturing prohibited liquor, and he appeals. Affirmed.

Charge 3, refused to defendant, is as follows:

"(3) I charge you, gentlemen of the jury, that each and every one of you is entitled to his own conception of what constitutes a reasonable doubt of his guilt of this defendant; the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt; and, if after a consideration of all of the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find defendant guilty."

Longshore & Longshore and L. H. Ellis, all of Columbiana, for appellant.

Charge 3 asserts a correct proposition of law, and its refusal was error. Doty v. State, 9 Ala. App. 21, 64 So. 170. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charge 3 lays too great stress upon the individual views of jurors, and would permit each juror to define reasonable doubt according to his individual view. Ex parte Jones, 213 Ala. 391, 104 So. 774.

SAMFORD, J. The facts in this case, as shown by the state's witnesses are sufficient to go to the jury upon the guilt vel non of defendant. Elmore v. State, ante, p. 410, 109 So. 114 (8 Div. 349).

[1] It is insisted in brief of counsel that, "Merely assisting in the operation of a still would not necessarily constitute possession." Whether the defendant was assisting at the still as owner, or as a hireling, or gratuitously, he would be guilty either as principal or accomplice, which under our law is the same thing. Code 1923, § 3196.

[2] The only other error insisted on by appellant in the two briefs filed by his attorneys is that the court erred in refusing to give, at the request of defendant, refused charge 3. Defendant correctly states that this charge was held to be good in Doty v. State, 9 Ala. App. 21, 64 So. 170, and subsequently this court again held the same charge to be good

(Jones v. State, 20 Ala. App. 660, 104 So. 771, in which several authorities were cited), but on certiorari of the Jones Case the Supreme Court held, speaking through Sayre, J.:

"It [charge 3] permits each juror to define a reasonable doubt according to his individual, it may be idiosyncratic view."

The charge is now held to be bad. Ex parte Jones, 20 Ala. App. 660, 104 So. 773.

Other exceptions reserved are not insisted upon, but we have examined each, and found them to be without merit.

We find no error in the record and the judgment is affirmed.

Affirmed.