(129 So. 312)

### GILBREATH v. STATE.
### 7 Div. 667.

Court of Appeals of Alabama.
June 30, 1930.

See, also, ante, p. 33, 120 So. 304.

C. A. Wolfes, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The excerpt from the court's oral charge to which exception was reserved, when taken and considered with and in connection with the whole charge, is free from error. Gilbreath v. State, ante, p. 33, 120 So. 304.

The defendant reserved exceptions to two questions asked defendant by the state while he was being examined as a witness on cross-examination, to wit: "You beat Ezra Lee up for swearing against you in the other case?" and "You mean to swear you didn't beat him up for swearing against you?" Ezra Lee was a witness for the state who had testified for the state in two former trials

of this case, and upon whose testimony the state's case largely depended. An effort by a defendant to suppress testimony against him is always relevant and admissible. Piano v. State, 161 Ala. 88, 49 So. 803; Maxey v. State, 76 Ark. 276, 88 S. W. 1009; Love v. State, 35 Tex. Cr. R. 27, 29 S. W. 790.

■ The fault with refused charges 1 and 8 lies in the fact that the conviction of this defendant was not entirely dependent upon the testimony of one witness. The charges are misleading. Baxley v. State, 18 Ala. App. 277, 90 So. 434; Love v. State, 218 Ala. 66, 117 So. 400.

■ Refused charge 2 is held to be bad in Powell v. State, 20 Ala. App. 606, 104 So. 551.

■ Refused charge 3 is held bad in Anderson v. State, 209 Ala. 489, 96 So. 636; Powell v. State, 20 Ala. App. 606, 104 So. 551.

. ■ Refused charges 4 and 5 are covered by the oral charge of the court and by written given charges.

■ Refused charge 6 is abstract.

Refused charge 7 is covered by given charge 1.

Refused charges 9 and 10 are covered by the court in its oral charge.

■ Refused charge 11 is bad. Brown v. State, 142 Ala. 287, 38 So. 268.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.