148 So. 336

## SMITH v. STATE.
### 8 Div. 614.

Court of Appeals of Alabama.
May 16, 1933.

R. B. Patton, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant, together with two others, was found at a whisky still in full operation and when accosted by the officers they ran. This defendant and Wallace were caught and carried back to the still, where there was a conversation between Wallace and defendant. Defendant was crying and Wallace told him there was not any need of that; that they were caught and that was all there was to it; and that a year and a day would settle it. Motion was made to exclude

this, the motion was overruled and defendant excepted. The arrest of defendant and Wallace was made in close proximity to the still and only a few moments elapsed between the arrest and the statement above and the still was then running. Everything said and done there was a part of the res gestæ and was admissible in evidence, if such statement related, even remotely to the crime charged.

■ The court in its general charge had instructed the jury that the burden was on the state to convince the jury by the evidence beyond a reasonable doubt that the defendant was guilty before they would be justified in so finding, and had given several written charges at the request of defendant to the same effect and much more favorable to defendant than requested and refused charge 21, and while the charge asserts a correct principle its refusal was without injury. Edwards v. State, 205 Ala. 160, 87 So. 179.

Refused charge 16 is fully covered by given charges 38, 28, 20, 8, and other given charges and in the oral charge of the court.

■ Refused charge 7 presupposes that the entire evidence tending to connect the defendant with the offense is circumstantial, whereas there is some positive evidence tending to prove the state's case. Under these conditions this charge is misleading.

■ Refused charge 22 was held to be good. Green v. State, 19 Ala. App. 239, 96 So. 651; Doty v. State, 9 Ala. App. 21, 64 So. 170; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431; McHan v. State, 20 Ala. App. 117, 101 So. 81; Mitchell v. State, 129 Ala. 26, 17th headnote, 30 So. 348. However, the Supreme Court in Ex parte State ex rel. Attorney General, 213 Ala. 390, 104 So. 773, overrules all of the foregoing cases on that point and holds the charge to be bad. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Jones v. State, 20 Ala. App. 660, 104 So. 771.

■ Refused charge 25 is materially different from charge 17 in McKenzie v. State, 19 Ala. App. 319, 97 So. 155, and Price v. State, 20 Ala. App. 201, 101 So. 300. In the instant case others may have been equally guilty, but this fact would not exclude defendant. Judge Foster in the case of Hobdy v. State, 20 Ala. App. 44, 45, 100 So. 571, points out the distinction to be made when the charge should and should not be given. Tatum v. State, 20 Ala. App. 24, 100 So. 569.

The foregoing applies with equal force to refused charge 29. The evidence discloses others who may have been guilty, without affecting defendant's status.

We find no prejudicial error and the judgment is affirmed.

Affirmed.