20 So.2d 885

## BRINGHURST v. STATE.
I Div. 489.

Court of Appeals of Alabama.
Jan. 9, 1945.

Rehearing Denied Feb. 13, 1945.

610

Gordon & Gordon, of Mobile, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

Undisputedly, at about midnight on a Saturday in November 1943, Mr. Howard Kuntz and Mr. Harris parked the car in which they were traveling on the right-hand side of the highway between Chickasaw and Satsuma in Mobile County, Alabama.

While the said two men were standing on the ground, occupied in making some repairs to their car, another automobile, traveling the same highway, struck and killed both men. The driver, of the moving car, without stopping, turned around a short distance up the road, and continued his journey in the direction from whence he came.

Mr. Grantham, a State's witness, was standing near the scene and observed the occurrence, but did not know or recognize the driver of the car which struck the decedents.

Appellant denied that he was the driver or occupant of the car which left the scene. The jury concluded that he was and returned a verdict of guilt—manslaughter in the second degree as charged.

With the exception of Mr. Grantham's testimonial explanation of what he observed at the time of the unfortunate event, the evidence for the State was in the main circumstantial. It would serve no good purpose to analyze the tendencies of the evidence. Suffice it to say that a jury question was presented.

This seems to be the view taken by appellant, as we do not find in brief any insistence to the contrary. The affirmative charge for appellant was correctly refused. Brown v. State, 21 Ala.App. 611, 110 So. 694.

After a State's witness had related the contents of several statements he claimed appellant made, the solicitor was permitted by the court, over appellant's objections, to refresh the recollection of the witness as to the contents of an unrelated statement made on the same occasion. The solicitor made known to the witness and the court that it was for the purpose of refreshing the recollection of the witness and for that purpose solely. It is not unusual for a person to fail to remember at a later time everything that was said by one with whom he was conversing. The primary court was exercising his discretionary privilege and not abusing it in allowing the question to be answered. Moulton v. State, 19 Ala.App. 446, 98 So. 709; Glenn v. State, 157 Ala. 12, 47 So. 1034; Lantern v. State, 1 Ala.App. 31, 55 So. 1032; Jackson v. State, 226 Ala. 72, 145 So. 656.

The solicitor was interrogating a witness as to whether or not appellant was intoxicated. A question: "Did he walk straight?" The answer: "Well, none too straight, no sir." The lower court overruled appellant's motion to exclude the above answer. The position taken was that the answer was not responsive to the question. When we take into account the inquiry to which the question was directed, it is apparent that the witness was answering in the negative, and it was therefore a responsive reply. Pittman v. State, 18 Ala. App. 447, 93 So. 42.

In answer to the question, "Was Mr. Bringhurst under the influence of intoxicating liquors at the time he left there?" a witness said, "Well, he drank a bottle of beer and that is all I know." If it could be said that there was not sufficient proof of the qualification of the witness, touching her knowledge of the subject of the query, no harm inured to appellant on this ground. The answer was a statement of facts and not opinion. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Before resting its case and without objections, the State introduced in evidence a written statement made by the defendant to the officers. This instrument contained a detailed narration of the places appellant claimed he visited during the Saturday night the two men were killed on the highway. The written document disclosed that he did not spend the night at home. On cross-examination, defendant's wife testified that her husband left home Saturday afternoon and did not return until the next day. Against objections of appellant, the lady was required by the court to answer this question: "When he left he said he was coming back home, didn't he?" We find no difficulty in reaching the conclusion that the wide latitude allowed on cross-examination permitted this inquiry. Thomas v. State, 18 Ala.App. 314, 92 So. 241; Marker v. State, 20 Ala.App. 260, 101 So. 355.

Appellant's counsel moved to exclude the answer of a State's witness that appellant "was drinking", on the ground: "he never stated he was under the influence of anything."

The witness had, according to his testimony, been observing, for four years or more, people who were drinking intoxicating liquors. It is well recognized that in the use of the word "drinking", as applied to the instant inquiry, it is intended to convey the information of a lesser degree of intoxication than "drunk". Jones on Evidence, Sec. 360; May v. State, 167 Ala. 36, 52 So. 602.

Charge numbered one was refused without error. This charge was held to be proper and its refusal error in the earlier cases of our appellate courts: Walker v. State, 153 Ala. 31, 45 So. 640; Simmons v. State, 158 Ala. 8, 48 So. 606; Kirkwood v. State, 3 Ala.App. 15, 57 So. 504; Hubbard v. State, 10 Ala.App. 47, 64 So. 633. This holding has been departed from, however, in more recent cases: Gilbreath v. State, 23 Ala.App. 579, 129 So. 312; Carter v. State, 219 Ala. 670, 123 So. 50; Ex parte Davis, 184 Ala. 26, 63 So. 1010; Pippin v. State, 197 Ala. 613, 73 So. 340; Anderson v. State, 19 Ala.App. 120, 96 So. 634, Certiorari Denied 209 Ala. 489, 96 So. 636; McDowell v. State, 238 Ala. 101, 189 So. 183; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

Charge No. 3 was covered by the court's oral charge.

Charge No. 4 was condemned as bad in Gilbreath v. State, 23 Ala.App. 579, 129 So. 312.

Charge No. 6 was properly refused in the case at bar. Jones v. State, 21 Ala.

App. 234, 109 So. 189; Baxley v. State, 18 Ala.App. 277, 90 So. 434, Certiorari Denied 206 Ala. 698, 90 So. 925. · As was observed in Baxley v. State, supra, the cases in which the charge is approved, the State's evidence depended upon the testimony of only one witness.

Refused Charge No. 7 has been declared by our courts to be a correct statement of the law: Cory v. State, 22 Ala.App. 341, 115 So. 700; Miller v. State, 24 Ala.App. 552, 137 So. 781; Smith v. State, 28 Ala. App. 506, 189 So. 86. In the instant case, however, we are of the opinion that the principles of law stated in said charge were covered by the court in his oral charge. In different language to be sure, but in more favorable verbiage to appellant than the charge in question seeks to convey.

■■■ Refused Charge No. 8 and charges similar thereto have had frequent consideration by this court and the Supreme 'Court. As we interpret the authorities, we are of the opinion that the refusal of this charge was proper. The identical charge was approved in Mitchell v. State, 129 Ala. 23, 30 So. 348, and its refusal caused a reversal of the case.

In the case of Jones v. State, 20 Ala.App. 660, 104 So. 771, a charge appears in the following language: "Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of the guilt of the defendant, and, before you can convict this defendant, the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt, and if, after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty."

On review, Jones v. State, 213 Ala. 390, 104 So. 773, the Supreme Court with reference to the charge just quoted above, held: "The Court of Appeals was of opinion that the refusal of this charge constituted reversible error. Our judgment is that the charge was preperly refused for two separate reasons: (1) It lays too great stress on the individual views of jurors, thus tending strongly to discourage that free consultation after which a jury of twelve may be expected to reach an agreement on matters severely contested; and (2) it permits each juror to define a reasonable doubt according to his individual, it may be idiosyncratic, view, whereas the definition of reasonable doubt, to what extent it may require or admit of definition, is a matter for the court."

It appears to us clearly that the above criticism of the charge in the Jones case, supra, reaches and explains the vice of the charge in the instant case.

This court has consistently followed the holding in the Jones case, supra, in subsequent opinions: Powell v. State, 20 Ala. App. 606, 104 So. 551; Shaw v. State, 21 Ala.App. 156, 106 So. 685; Brasher v. State, 21 Ala.App. 255, 107 So. 230; Merrell v. State, 21 Ala.App. 38, 104 So. 881; Smith v. State, 25 Ala.App. 445, 148 So. 336; Lathem v. State, 21 Ala.App. 489, 109 So. 521.

■■■ There is no error apparent from the refusal of Charge No. 10. It is confusing, neither is it free from misleading tendencies.

■■■ Refused charge lettered (C) is abstract, if not otherwise faulty.

It is ordered, therefore, that the judgment of conviction be and the same is affirmed.

Affirmed.