29 So.2d 360

## HENDON v. STATE.

### 6 Div. 383.

Court of Appeals of Alabama.
Jan. 14, 1947.

Rehearing Denied Jan. 28, 1947.

P. P. Evans, of Jasper, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for rape, this appeal was taken.

A correct statement of facts is incorporated in the brief of appellee, and is as follows: .

"This is a trial for the offense of rape in which the appellant sets up as his defense an alibi, saying that he had no connection with the offense for which he is charged, consequently certain portions of the evidence are in direct conflict.

"The evidence introduced by the State shows that on or about February 19, 1945, the prosecutrix, Mrs. Kathleen Rooker, arrived by bus in the community of Townley or Holley Grove, located in Walker County, Alabama, in route to the home of her mother-in-law, located near by; that she inquired at a local store as to the direction to the mother-in-law's home which she had not visited before; that she was told how to proceed to said home; that the route led over a pathway and seldom traveled road; that while walking to the home of the mother-in-law over the road described above, she was accosted by a stranger who made improper advances toward her; that upon her refusal to submit to the advances of this stranger, who identified himself to her as John Henson, said person thereupon threatened her life and seized her and drug her into a near by wood or under-growth, where he forcibly ravished her; that upon her release she immediately proceeded to

the nearest telephone and called the county police authorities in Jasper.

"These officers testified that upon their arrival at the community in which the alleged offense occurred, the prosecutrix led them to the approximate spot at which the offense is alleged to have taken place; that there they found tracks made by the shoes of a woman, broken twigs, and a spot, identified by the prosecutrix, as the spot at which the alleged assault took place; that the prosecutrix gave them information as to how her assailant was dressed; that upon inquiring at the store where the prosecutrix had sought instructions as to the direction to the home of her mother-in-law, they were informed that, at the time prosecutrix had sought said instructions, this appellant had been present dressed in the manner prosecutrix described her assailant to have been dressed. The officers thereupon proceeded to the home of the appellant who was brought before the prosecutrix and positively identified by her as her assailant.

"Other State witnesses testified to the fact that the appellant was present at the time prosecutrix inquired at the store for directions, and that he departed shortly thereafter.

"As stated, the appellant sets up as his defense an alibi saying that he was in no way associated or connected with the assault upon the prosecutrix. He testifies that he was not present at the time of the assault upon the prosecutrix, and that if such assault did occur, he is not guilty of such."

This court has carefully and attentively read the entire record and have reached the conclusion that the defendant was accorded a fair and impartial trial, free from prejudical error. The learned trial judge allowed defendant full and unlimited latitude and opportunity to present his defense; and rendered his opinion of the case after the motion for a new trial had been acted upon. Said opinion as appears of record, reads as follows:

"The Court is of the opinion that the jury was justified in finding the defendant guilty under the evidence in this case, as the prosecutrix testified positively that the defendant was the person, guilty of assaulting her. Her evidence was corrobo-rated by a number of witnesses in the community where the crime was alleged to have been committed.

"As to the third and fourth grounds incorporated in the motion, when the State's solicitor in his argument to the jury made the statement that the defendant was 'the wolf of that community,' counsel for the defendant objected, and the fact is and the record shows that the State's solicitor withdrew his statement, there was no ruling on the objection and no exception reserved by the attorney for the defendant.

"As to ground six, which is based on the refusal of defendant's requested written charge No. 1, the Court finds that the case of Green v. State, 19 Ala.App. 239, 96 So. 651 has been overruled and this charge held bad in a number of cases by the State Supreme Court, the first being Ex parte State ex rel. Attorney General (Jones v. Jones), 213 Ala. 390, 104 So. 773, the reasons for holding this charge bad being set out in this opinion. Also the case of Smith v. State, 25 Ala.App. 445, 148 So. 336.

"As to ground 7, which was refusal to give requested written charge No. 2. held good in case of Gay v. State, 19 Ala. App. 238, 96 So. 646, the Court is of the opinion that said charge is good in cases where the conviction of defendant is based on purely circumstantial evidence. The charge has been held good in later cases, including Freeland v. State, 26 Ala.App. 74, 153 So. 294, and Gilbert v. State, 30 Ala. App. 214, 3 So.2d 95. But it will be found that in each of the cited cases the evidence for the State was purely circumstantial, with no direct evidence as to the guilt of the defendant. The court is of the opinion that this charge was properly refused in the instant case, as there was direct evidence by the prosecutrix that the defendant was the one guilty of assaulting her on the occasion as charged in the indictment."

We have reached the conclusion that the opinion of the trial judge is correct in every respect; hence it has the full approval and concurrence of this court. It fully and fairly covers every point of decision presented for review. This being true obviates any necessity of this court in writing fur-

ther. For anything we might have to say in so doing, would of necessity be a mere repetition of what has upon innumerable occasions been held and declared void by the appellate courts of this State in cases of this character.

As stated, the trial of this case in the court below was free from any error calculated to injuriously affect the substantial rights of the accused. The judgment of conviction appealed from will stand affirmed.

Affirmed.