(109 So. 759)

## JONES v. STATE.  (6 Div. 943.)

(Court of Appeals of Alabama.   June 8, 1926.
Rehearing Denied June 30, 1926.)

**1. Rape ☞57(1).**

Evidence in prosecution, under Code 1923, § 5411, forbidding carnal knowledge of girl over 12 and under 16, or abuse of such girl in attempt, *held* for jury.

**2. Rape ☞57(1).**

Evidence in prosecution, under Code 1923, § 5411, relative to age of girl alleged to have been abused, *held* for jury.

**3. Criminal law ☞768(2).**

Instruction in prosecution, under Code 1923, § 5411, relative to verdict for defendant in case of doubt as to age of girl alleged to have been abused, *held* properly refused as laying stress on individual views of jurors.

**4. Criminal law ☞798(1).**

Definition of what is reasonable doubt is for court.

**5. Criminal law ☞768(2).**

Instruction relative to juror refusing to vote for verdict of guilty, until individual mind is satisfied beyond reasonable doubt, *held* properly refused as invading province of jury.

**6. Criminal law ☞798(1).**

Court is without authority to instruct jury in reference to proof satisfying individual mind.

**7. Criminal law ☞594(1).**

Refusal to grant continuance because of absence of witnesses is within discretion of trial court.

**8. Criminal law ☞598(2).**

Diligence exercised to secure attendance of absent witness *held* insufficient to show abuse of discretion in refusing continuance.

**9. Criminal law ☞1171(1).**

Imputation on manner of defendant's selecting jury by state's counsel *held* not prejudicial error.

**10. Criminal law ☞1165(1).**

Accused, having had fair and impartial trial, is without right to complain.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Elijah L. Jones was convicted of an offense, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Jones v. State, 109 So. 761.

These charges were refused to defendant:

"(3) If any single juror has a reasonable doubt in his mind growing out of the evidence in this case, or from the lack of evidence in this case, as to the age of Maggie Hendricks, a verdict of guilty cannot be rendered in this case.

"(5) In a criminal case, it is improper for a juror to give his individual belief with reference to the proof on any material allegation in the indictment and to adopt the views reached by other members of the jury in order to render a verdict, but he should refuse to vote for a verdict of guilty until his own individual mind is satisfied beyond all reasonable doubt from the evidence of the defendant's guilt."

Foster, Rice & Foster, of Tuscaloosa, for appellant.

Brief on original hearing did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charges 3 and 5 were bad. Jones v. State, 213 Ala. 390, 104 So. 773. The evidence was in dispute, and the affirmative charge was properly refused. Tatum v. State, 20 Ala. App. 24, 100 So. 569. The argument of the solicitor was legitimate. Soutoula v. State, 20 Ala. App. 364, 102 So. 151.

BRICKEN, P. J.   Under the statute, the age of consent in this state is sixteen years. Section 5411, Code 1923. This statute provides that any person who has carnal knowledge of any girl over 12 and under 16 years of age, or abuses such girl in the attempt to have carnal knowledge of her, must, on conviction, be punished at the discretion of the jury by imprisonment in the penitentiary for not less than 2 nor more than 10 years.

The appellant was indicted, tried, and convicted for a violation of above statute, and the jury fixed his punishment at 5 years' imprisonment in the penitentiary. The girl in question was Maggie Hendricks, and the evidence shows that she was the daughter of H. P. Hendricks, who was a tenant on appellant's place.

Briefs have been furnished for the state by the Attorney General. No brief has been filed in behalf of appellant.

[1] There are two paramount questions involved: (1) Was Maggie Hendricks under 16 years of age? (2) Did this appellant carnally know or abuse this girl in the attempt to carnally know her? On the latter proposition, the girl testified he did have sexual intercourse with her one time, although he took her out in his car at night upon several occasions. The defendant admitted taking the girl out at night in his car, but emphatically denied that he had intercourse with her. This conflict in the evidence was, of course, for the jury to decide.

[2] There was much evidence as to the age of the girl. The testimony of the several witnesses for the state tended to show that she was born on August 25, 1910, and, if this was true, she was slightly under 16 years of age at the time of the alleged commission of the offense. On the other hand, the defendant offered the testimony of several witnesses whose evidence tended to show that the girl

in question was born in the year of 1908, the same year, as stated by them, that Scrap Hendricks and W. A. Hargrove died. If this evidence was true, the girl was about 18 years old at the time of the alleged act complained of. This sharp conflict in the evidence upon this important question was also for the determination of the jury. Thus the affirmative charge requested by defendant was inapt and was properly refused.

[3, 4] Charge 3 was properly refused. This charge lays too great stress on the individual views of jurors, thereby tending to divert the jury from a full and free consultation which, of necessity, is contemplated, in order to reach an agreement on questions of fact in dispute and strenuously contested. Moreover, the charge is calculated to mislead the jury in that its tendency is to permit each juror to define and decide what is necessary to constitute a reasonable doubt according to his individual view, whereas the definition of the term as to what is necessary to constitute a reasonable doubt is for the court. Ex parte State (Jones v. State), 213 Ala. 390, 104 So. 773. This charge is otherwise bad.

[5, 6] The same criticism may be applied to refused charge numbered 5. The charge was also invasive of the province of the jury, as the court is without authority to instruct a jury as to its line of conduct or duty as contemplated by said charge.

[7, 8] The refusal of the court to grant a continuance of the case upon motion of defendant, because of the absence of certain witnesses, is a matter within the discretion of the trial court. Such action will not be revised, unless it clearly appears that, in the exercise of this discretion, the court abused same to the injury of defendant's substantial rights. Here no such abuse is apparent. The same discretion is applicable as to allowing defendant a showing for his absent witness, Mrs. Nannie Watkins. It clearly appears that the defendant did not exercise proper and due diligence to secure the presence at the trial of this witness. It appears conclusively that, in ordering a subpoena for this witness, a wrong or an incorrect address of the whereabouts of this witness was given to the clerk of the court by defendant. The record shows that the court fully discharged its required duty in an effort to secure the presence of this witness. Moreover, as stated, this is discretionary with the court. In the case of Waters v. State, 117 Ala. 108, 22 So. 490, it was held that it is discretionary with the court as to whether or not it will put the state upon the showing as to the testimony of an absent witness.

The court's ruling was invoked upon the admission of the testimony in several instances and exceptions duly reserved to such rulings as were adverse to defendant. Each of these rulings have had our attentive consideration. To set out and discuss the numerous matters involved in this connection, we think, would serve no good purpose. In our opinion, there is no error in any of the rulings complained of, and we so hold.

[9] Portions of the argument of the solicitor were objected to and motions made to exclude, as the rule required, also exceptions were duly reserved. An examination of the objectionable statements of counsel for state fails to disclose such illegitimate and improper argument as would authorize or warrant this court to predicate a reversal thereon. It is true that in drawing, or rather in selecting, the jury to try this case, the defendant had the perfect right to select any class of men on the list furnished him, if not otherwise stricken, or disqualified, and it may be true that the aspersion or implied imputation cast upon the manner of defendant's selecting the jury by state's counsel was improper and out of place, yet we fail to see how this statement could have prejudiced appellant's substantial rights to the extent that necessitates a reversal of the judgment in this case. We do not so regard it and so hold.

[10] It appears to this court that this defendant has been accorded a fair and impartial trial. Certainly, it appears that the trial judge was painstaking, careful, and fair. His oral charge to the jury was of this nature, and ably and fully stated every phase of the law bearing upon the issues involved. The law contemplates a fair and impartial trial for one accused of the commission of any offense. Where it affirmatively appears that such a trial has been accorded, the accused is without right to complain or to demand more. The decision in this case rested with the jury. There was evidence to sustain them in their verdict. As no hurtful error appears, we must perforce order an affirmance of the judgment appealed from, and this we do.

Affirmed.