(119 So. 598)

## HANCOCK v. STATE.   (3 Div. 589.)

Court of Appeals of Alabama.   Jan. 15, 1929.

Hybart, Hare & Dickey, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Briefs did not reach the Reporter.

BRICKEN, P. J. ■ There was a general verdict of guilty under an indictment which charged that this appellant did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and in the second count, the unlawful possession of a still to be used for that purpose. The evidence, without conflict, proved the corpus delicti, but there was conflict in the evidence as to the participation by the accused in the commission of the offenses charged. The evidence for the state made a clear case against the defendant in all of the essential details. The defendant admitted his presence at the still in question while it was in full operation, but denied possession thereof, and insisted he took no part in its operation. He admitted, however, he left the still at the approach of the officers, and that on the next day he left home, and was gone for several months. The state having offered evidence tending to show flight of the defendant, the court properly allowed him full latitude in explanation of his having left the community shortly after the offense complained of had been committed.

■ There is no merit in the exception reserved to the court's ruling in putting the defendant to trial in the absence of his witness Jasper Hollinger. The court acted within its discretion, and, further, the defendant was allowed a showing for the absent witness, and thereby received the benefit of the evidence he expected the witness to have given if present at the trial. Jones v. State, 21 Ala. App. 486, 109 So. 759.

■ Without dispute, the evidence disclosed that this appellant, and state witness Rufus Hall, went to the still together on the morning in question. On direct examination of defendant he testified that, just before they got to the still, two men ran off from the still, but he could not say who they were. In order to contradict him on this statement, the state recalled its witness, Rufus Hall, and it was proper for the court to permit the witness to answer the question by solicitor, to wit: "Just before you and the defendant got to this still, you testified about on direct examination, did you see two people run off from there?" This was in rebuttal, and defendant's insistence to the contrary is untenable. The exception here reserved is not sustained. The motion for new trial was properly overruled.

■ Refused charge 3 was fairly and substantially covered by given charge 4 and by the court's oral charge.

No error appearing in any ruling of the court upon the trial of this case, its judgment of conviction is affirmed.

Affirmed.