138 So.2d 270

**Charles Wesley HARVEY**

**v.**

**STATE.**

**8 Div. 780.**

Court of Appeals of Alabama.

Feb. 20, 1962.

Griffin & Griffin, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

A jury found Harvey guilty of rape and fixed his punishment at ten years imprisonment.

The site of the alleged ravishment was on "a side road out toward Indian Creek" in the environs of Huntsville. Harvey admitted having sexual intercourse with the prosecutrix, who was a sister of his wife.

After Harvey and the claimed victim had returned from the neighborhood of Indian Creek, she testified that at a point about a block from the home of another sister of hers, she got out of his car while he drove on to the residence.

■ She walked there and found her sister and others, including Harvey, in the kitchen. A conversation ensued as to where the two had been. In testifying she made the voluntary statement that she said, "You raped me."

To this interjection Harvey's counsel objected. The trial judge overruled. The witness repeated this expression and counsel again objected and moved that the statement, "You raped me," be excluded. This motion the court also overruled.

The court erred in not excluding this expression from the testimony which was before the jury. From Stewart v. State, 27 Ala.App. 315, 172 So. 675, per Bricken, P. J., we quote:

"'Q. Well, just tell the jury what he did to you. A. He just grabbed me and throwed me down and raped me. * * *'

* * * * * *

"* * * The defendant did not deny having sexual intercourse with the girl at the time and place complained of, but strenuously denied that he used any force or threats, etc., in so doing. * * *

* * * * * *

"* * * To constitute the offense of rape, force is an essential ingredient. In other words, rape is the unlawful carnal knowledge of a woman by a man forcibly and against her will.

"Under the conflicting evidence in this case, it devolved upon the jury to determine whether or not the offense had been committed as charged. It was not within the province of the witnesses * * * to so declare, hence, as stated, the numerous exceptions hereinabove discussed were well taken and are sustained."

The Attorney General, while admitting the impropriety of the use of the conclusionary expression, "You raped me," would justify its use here as an instance of early complaint which partook of the res gestae, and, therefore, need not have been confined to a bare statement of making complaint.

In view of the considerable distance from the site of the act of sexual intercourse to the sister's house, we do not consider that the accusation was contemporaneous with the act itself. See the discussion as to res gestae by Mayfield, J., in Bessierre v. Alabama City G. & A. R. R. Co., 179 Ala. 317, 60 So. 82.

■ Shortly after the prosecutrix made this declaration, Harvey and another man got into a fight. Considerable testimony elaborated on the details of this assault and battery.

Defense counsel protected the record by objection to bringing out this evidence. The refusal of the court to sustain the objection to the question and to exclude this evidence was error which was prejudicial to Harvey, since it violated the rule against admitting evidence of other offenses or of matter from which complicity in another

crime might be inferred. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

There was proffered testimony that about a week beforehand, during his lunch hour, Harvey had gone by the same sister-in-law's apartment. There were present the prosecutrix, her husband's sister, and the accused's sister-in-law who lived there. Harvey was the only male.

The women were drinking whiskey, the radio was on, and there was dancing. The prosecutrix started disrobing; her sister dared her to do a strip tease. She then continued dancing while taking off her garments till she had on only her "panties."

■ We consider the defendant should have been allowed to have this testimony before the jury. An ecdysiast performance before a lone man might imply consent to a later act. See Green v. State, 19 Ala.App. 239, 96 So. 651.

In the instances pointed out, the court committed reversible error. Accordingly, the judgment below is due to be .

Reversed and remanded.