BARRON, Judge.
Defendant was convicted of rape in the first degree and sentenced, under the habitual offender statute, to life imprisonment without parole.
On appeal, defendant raises a number of issues which we need not reach, since, in our judgment, his conviction is due to be *673 reversed for the error of allowing the prose-cutrix to state that she was “raped.” During direct examination of the prosecutrix by the State, the following occurred:
“Q. [By Mr. Gillis, Assistant District Attorney] Well, after he went and locked the door, what happened then?
“A. He came back into the — he came back into the bedroom.
“Q. What, if anything happened at that time?
“A. He raped me.
MR. McPHILLIPS [Defense Counsel]: Objection, your Honor.
“Q. (By Mr. Gillis) When he came back in the room what, if anything ...
“MR. McPHILLIPS: Excuse me and move to strike on the legal characterization that she used.
“THE COURT: Overruled.”
Appellant admitted the act of sexual intercourse but defended the charge on the basis that the act took place without forcible compulsion and with the consent of the prosecutrix. Under these circumstances, it was for the jury to resolve the conflicting testimony and to determine whether the crime as charged had been committed. Harvey v. State, 41 Ala.App. 526, 138 So.2d 270 (1962); Stewart v. State, 27 Ala.App. 315, 172 So. 675 (1936), cert. denied, 233 Ala. 480, 172 So. 678 (1937).
For the error in overruling appellant’s objection and failing to grant his motion to strike the foregoing testimony of the prose-cutrix, the judgment of conviction by the Montgomery Circuit Court is reversed, and the case is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.